### No. 5925.

CITIZENS' BANK OF LOUISIANA vs. WIDOW J. C. DE ST. ROMES ET AL.

In the case of the Police Jury of West Baton Rouge et al. vs. J. V. Duralde et al., 22 An. 107, and in the case of the Citizens' Bank vs. Louis Muh, 27 An. — the identical points of prescription and unconstitutionality were raised by the defendants and decided adversely. Those decisions have established a precedent by which the present controversy must be governed.

APPEAL from the Superior District Court, parish of Orleans. *Hawkins*, J. *A. Pitot*, for plaintiff and appellee. *Sambola & Ducros*, for defendants and appellants.

TALIAFERRO, J. The bank sues on stock notes, and also to compel the defendant to contribute the two dollars per share assessed by the bank in pursuance of the act of March 11, 1873, to assure the prompt payment of the interest on bonds of the State issued in favor of the Citizens' Bank.

The defendants enjoined the seizure taken out by plaintiff, and maintain that the bank·has no right to claim either the stock notes or the contribution, as the defendants under the bank charter could not be legally ·required to pay for-the stock or stock note or any portion thereof prior to the expiration of the charter of the bank; that if any portion of the stock note were payable at any time during the existence of the charter the bondholders themselves are the only parties who could lawfully

claim the payment or enforce the payment of the stock notes by executing executory process under the mortgage or otherwise; that the payment by defendants of the contribution would be no discharge of their liability to the bondholders who have accepted the stipulation *pour autrui* contained in the charter of the bank and other acts.

Defendants contend that the act of 1873 in relation to the contribution of two dollars per share is contrary to the provisions of the charter of the bank and violative of article 110 of the State constitution and of the analogous article of the constitution of the United States; unconstitutional, in other words, as it impairs the obligation of contracts. The defendants plead the prescription of five and ten years in bar of plaintiff's action on the stock notes.

The judgment of the lower court dissolved the injunction and was rendered in favor of the plaintiff.

The defendants appealed.

The points contended for by defendants seem to have been determined adversely to the grounds set up in the injunction proceeding to sustain them. See the case of the Citizens' Bank vs. Louis Müh, 27 An., not yet reported.

The plea of prescription can not be sustained. See case of Police Jury of West Baton Rouge et al. vs. J. V. Duralde et al. 22 An. 107.

It is therefore ordered that the judgment of the lower court be affirmed with costs.

Rehearing refused.