Citizens' Bank *vs.* Castillo.

her petition praying for an appeal from said judgment. This appeal was granted, and our predecessors affirmed the judgment of the lower court, Mr. Justice Wyly dissenting. Application for a rehearing was made, and the present court granted the rehearing which is now before us for consideration.

Our attention has been called to the fact that this appeal has been taken by the wife without the authorization of her husband, or the court. We agree with the opinion of Mr. Justice Wyly that the proper disposition of the case is to dismiss the appeal, the wife having no capacity to prosecute it without authority of the husband or the court. 21 A. 576.

*It is therefore ordered that this appeal be dismissed.*

---

No. 5940.

CITIZENS' BANK vs. W. R. MILLS.

APPEAL from the Fifth District Court of New Orleans. CULLOM, J.

DE BLANC, J. The decision in Citizens' Bank *v.* St. Romes, 28 La. Ann. 125, affirmed.

---

No. 5941.

CITIZENS' BANK vs. WIDOW A. CASTILLO.

SPENCER, J. Citizens' Bank *v.* St. Romes, 28 La. Ann. 125, affirmed.

---

No. 6390.

D. & J. D. EDWARDS vs. FAIRBANKS AND GILMAN. JOHN COLEMAN vs. THE SAME. C. CAVAROC & SON, AND THE NEW ORLEANS MUTUAL INSURANCE COMPANY, INTERVENORS AND THIRD OPPONENTS.

The assignees of a bankrupt cannot remove a cause into the United States court, to be cumulated with the proceedings in bankruptcy, in which the assignees came volun-