No. 2004.—CITIZENS' BANK OF LOUISIANA *v.* HENRY JOHNSON and WIDOW W. J. BOGAN.

A certificate of stock of a corporation or banking company, pledged by the owner to the company to secure the payment of a note and mortgage to the bank for money loaned, operates as a standing acknowledgment of the debt, and prescription does not run against the note while the stock is pledged.

APPEAL from Fifth District Court, Parish of Iberville. *Posey, J. Rousseau & Estavan*, for Citizens' Bank. *F. H. Farrar*, for Johnson, executor.

LUDELING, C. J. On the twenty-seventh day of December, 1867, the Citizens' Bank of Louisiana obtained an order of seizure and sale, under an act importing confession of judgment, and containing the fact *de non alienando*, against the property mortgaged, which was in the possession of Mrs. W. J. Bogan. Under a writ, issued in the case, the sheriff seized the property described in the writ, and was proceeding to sell the same, when he was restrained by an injunction obtained by Joseph Johnson, testamentary executor of Henry Johnson.

The injunction was granted on the allegation that the notes or obligations, secured by the mortgage, were extinguished by prescription—more than five years having elapsed since their maturity.

The Citizens' Bank prayed for the dismissal of the injunction for the following reasons, to wit:

"Because the stock-notes of Henry Johnson are not prescribed, the same being subject to annual payments, up to the expiration of the charter.

"Because prescription did not run during the war.

"Because the original debt of Henry Johnson has been assumed by the subsequent purchasers, and late actual possessor, sued in this case, does not plead prescription."

There was judgment in favor of the Citizens' Bank of Louisiana, dissolving the injunction. From this judgment Joseph Johnson, executor, has appealed.

In accordance with one of the stipulations in the eleventh section of the charter of the bank, the annual payments necessary to a renewal of the notes were made up to the first day of February, 1860—since which period no payment has been made—and consequently the payment of the notes has been exigible since the first February, 1860. Section 11 of charter, acts of 1833, p. 181. More than five years having elapsed since the last payment, before the bank instituted proceedings under their mortgage, the claim would be barred by prescription if there had been no interruption thereof.

The notes or obligations, which form the basis of this suit, were executed by Henry Johnson, a stockholder in the Citizens' Bank of Louisiana, in pursuance with the terms of the eleventh section of the charter of the bank, which declares "that every stockholder in said corporation, *on depositing and pledging his certificate of stock*, shall be entitled to a credit equal to one-half of the total amount of his stock; provided, that in proportion as such stockholder shall use the credit, he shall give his notes or obligations to said corporation for the amount so lent him, and shall pay interest thereon annually and in advance." Acts of 1833, p. 181.

The notes or obligations are in the words following:

"Be it known that I am well and truly indebted unto the Citizens' Bank of Louisiana, for value received, in the sum of eight thousand three hundred and eighty-eight dollars, *being the amount of my credit as a stockholder* of two hundred and forty-four shares of said institution; which sum I will pay at the banking house of New Orleans, on the *first day of August*, 1851, fixed, *or renew*, according to the provisions of the charter of said bank. *The payment* of the aforesaid sum of money *is secured by a deed* of mortgage *and pledge*, passed by myself and wife, before Adolphe Boudousquie, notary public in and for this city and parish of Orleans, under date of this day.

"H. JOHNSON.

"New Orleans, March 1, 1851."

17

The other note is for $4550, and was payable first February, 1852. In other respects it is similar to the one copied above.

The notarial act, referred to in the notes, contains this declaration : "And in order to secure furthermore unto the Citizens' Bank of Louisiana the payment of the sum of twelve thousand nine hundred and thirty-eight dollars, amount of the said stock notes, and also the payment of the eventual interest above stipulated, the said Henry Johnson does hereby *pledge and pawn*, in favor of said bank, *the aforesaid three hundred and seventy-four shares*."

It is apparent that the condition on which Henry Johnson, deceased, borrowed the money from the bank, was that he should deposit and pledge his stock in the Citizens' Bank of Louisiana to secure the payment of his loan ; and the notes and the notarial act signed by Henry Johnson establish the fact that this pawn and pledge was made by him. Whilst this pledge remained in the possession of the bank, prescription against the notes and obligations the pledge was intended to secure was interrupted, because it was a standing acknowledgment of indebtedness on the part of Johnson. " Prescription is interrupted, and ceases to run, whenever the debtor or possessor acknowledges the debt, or the adverse right against which it was running. C. C. art. 3486. This acknowledgment may be express or implied. In this case it is of the latter character." 1 R. 556, Wilson v. Banner ; 8 R. 145, Montgomery et al. v. Levistone.

En general la reconnaissance du droit soumis a la prescription n'opere l'interruption que pour le passe, et permet a une prescription nouvelle de recommencer a l'instant meme. Mais, il en peut etre quelquefois autrement. Ainsi, quand un debiteur donne un gage a son creancier pour surete de la creance, ce n'est pas seulement pour le temps anterieur que la prescription est interrompu ; elle continuerra de l'etre tant que le creancier restra nanti du gage, puis-qu'en le lui laissans dans le mains, le debiteur ou ses heritiers renouvellent constament la reconnaissance tacit de la dette." Marcade Prescription, p. 146. Trolong, No. 618 ; Duranton, No. 269.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, and that the appellant pay the costs of this appeal.