No. 3200.—CITIZENS' BANK *v.* BOUVARD ST. AMANS.

Stocks pledged to and in the possession of a bank as security for money loaned, constitute a standing acknowledgment of the debt, and prescription is interrupted during the time of the pledge. 21 An. 128; 22 An. 107.

If the appellant fails to make an assignment of errors in an appeal from an order of seizure and sale, the appellate court will only examine the case in so far as to ascertain whether the fiat of the judge *a quo* is sustained by authentic legal evidence.

APPEAL from the Ninth Judicial District Court, parish of Natchitoches. *Orsborne*, J. *Pierson & Levy*, for appellant. *Chaplin, Morse & Chaplin*, for plaintiff and appellee.

HOWELL, J. This appeal is taken by third persons, the heirs of Mrs. St. Amans and creditors of the husband and father, the defendant, by

Citizens' Bank v. St. Amans.

virtue of a judgment against him in their favor, and is taken from an order of seizure and sale against property mortgaged to the Citizens' Bank in March, 1838, by the said Mr. and Mrs. St. Amans.

The appellants, who allege themselves to be third possessors of the property under their said judgment, file the plea of prescription of five years in this court against the obligations dated twenty-fifth May, 1838, on which the order of seizure and sale was granted. It appears, however, that the stock of the defendant was pledged to the bank as security for the payment of these loans, and according to the ruling in Citizens' Bank v. Johnson & Bogan, 21 An. 128, and Police Jury of West Baton Rouge v. J. V. Duralde, 22 An. 107, this operated a suspension of prescription.

There is no assignment of errors annexed to the record, and we have only to see whether or not the fiat of the judge is sustained by legal authentic evidence.

The order was granted upon two stock notes signed by the defendant and identified with the act of mortgage, also an authentic copy of said act, executed by the defendant and his wife, containing her renunciation in due form; also an act of acceptance of said mortgage.

We find no error in the granting of the order of seizure and sale. Any irregularities subsequent thereto can not be corrected on this appeal.

Judgment affirmed.