43　389
f122　155

## No. 10,797.

### WM. H. CHAFFE & CO. VS. V. M. PURDY.

1. The pledgor, who is present during litigation, consented to collect the notes he had pledged, and who is cognizant of the facts and difficulties growing out of the litigation, is not relieved from all concern in the management, and he can not recover damages from the absent pledgees, because they did not institute suit to recover on bonds taken in injunctions sued out to prevent foreclosure; particularly as they left the matter in the hands of the attorney employed at the suggestion of the pledgor and acted in accordance with his counsel.

2. The pledgee is responsible for the damages sustained by the pledgor, and is bound to take the care which a prudent person, *diligens pater familias*, takes of his own; but he is not to exercise harsh diligence.

3. The pledgee is responsible for damages sustained by the pledgor, and for the net sum he was legally able to collect.
   It is not proven that the pledgees could have collected more than they did.

4. The dwelling seized was occupied by the debtor. The sheriff was not at fault in not collecting rent from the proprietor, who was permitted to occupy the house while under seizure.

5. Either the pledgor or the pledgees may sue for the injury done to his pledge.

APPEAL from the Eighth District Court, Parish of East Carroll. *Montgomery, J.*

*Jos. E. Ransdell* for Plaintiffs and Appellees:

1. When a debtor agrees to pay a certain sum at a specified time, less the amount which pledged collaterals may realize, the creditor may as pledgee take legal steps to enforce the payment of the securities, but he is under no legal obligation to do so in the absence of any special understanding for that purpose. His failure to act can not be opposed to him when maturity having arrived he seeks payment of his claim. And, generally speaking, the pledgee of collateral paper is justified in taking measures to recover same at maturity, but is under no legal obligation to do so in the absence of a special agreement to that effect. Friedlander vs. Schmalinski, 35 An. 520; Mechanics' and Traders' Ins. Co. vs. Louis Lozano, 39 An. 321; C. C. 3170; Edwards on Bailments, page 225; Tiedeman on Commercial Paper, par 304.

2. Even when the pledgee agrees to collect the collateral, he is bound to take only such care thereof as a prudent man would of his own property. He is not bound to use the utmost diligence. The pledgor can take the "weapons or war in his owns hands by paying the creditor," if dissatisfied with the creditor's management of the collateral. Commercial Bank of New Orleans vs. Martin et al., 1 An. 344; McElmore vs. La. State Bank, 1 Otto, 27.

3. A creditor holding a mortgage note of a third person as collateral security is compelled to credit the debt due him, only with the net sum he was legally able to collect on said note, when he sues on same in his own name as owner. Mrs. M. F. Blouin et al. vs. Liquidators of Hart & Hebert, 30 An. 714.

4. A pledgee using reasonable care and diligence in selecting an agent, whom, from his professional skill he is compelled to employ, is not bound by the latter's misconduct or neglect, especially if the pledgor names the agent. Commercial Bank vs. Martin et al., 1 An. 344; Mitchell, executor, vs. A. Levi, 28 An. 496.

5. The measure of damages for not putting a note in suit, supposing the pledgee were under an express or implied obligation to do so, would be the injury sustained by the pledgor, and the pledgee may excuse himself by showing the insolvency of the parties to the instrument; the rule being that the pledgee is responsible only for the damages sustained by the pledgor. Grove vs. Robert, 6 An. 210.

6. The rules relative to the duty of a pledgee will not be strictly enforced where it is shown that the pledgee acted solely in the interest of the pledgor and with his approval and consent. And this is especially true when the pledgee is a non-resident, while the pledgor resides at the domicile of the maker of the collaterals, and when the collaterals are placed for collection in the hands of the attorney suggested by the pledgor. Mitchell, executor, vs. A. Levi, 28 An. 946.

7. The pledgee of notes secured by mortgage, who brings suit thereon, and is restrained by injunction, is not bound to sue for damages arising from said injunction. Even if he made an express contract to sue on said notes, he could not be required to sue for damages on the injunction bond, as the two causes of action are separate and distinct.

8. The right to claim damages in the above event is personal to the pledgor, for it is he, and not the pledgee, who is injured. And should the pledgee see fit to sue, he would be compelled to give the pledgor the benefit of whatever he recovered. The pledgor can sue on said bond in his own name with or without the consent of the pledgee.

9. No rent can be collected on a house under seizure when it is occupied by the debtor as a residence, and the sheriff is not liable for failure to collect rent in such case. 34 An. 862.

10. Either the pledgor or the pledgee may have an action against a third person for an injury done to the pledge. Story on Bailments, 8th Edition, Sections 94, 95 and 352; Kent's Commentaries, 11th Edition, Vol. II, Section 585. Hence Purdy could have sued on the bonds, etc.

11. "Where the promissory note of a third person is deposited by the debtor, with his creditor, as collateral security for a debt, such a note is a pledge; the pawnee has merely a special property interest in it, and his authority extends no further than to receive the amount of the note from the maker; he is not obliged to take measures to collect the note." Edwards on Bailments, page 225; Tideman on Commercial Paper, par. 304; Field on Damages, page 314.

Chaffe & Co. vs. Purdy.

2. Loss or depreciation in value of the thing pledged, even through negligence of the pledgee, does not operate to extinguish *pro tanto* the debt secured. Cooper vs. Simpson (Minn.) 42 N. W. 601; 41 Minn. 46; Fletcher vs. Harmon (Me.) 7 An. 271.

13. The improper admission of testimony will form no ground for the reversal of a verdict, if, in the opinion of the Supreme Court, its rejection would not have varied the result; and it will be disregarded where the objecting party is not prejudiced. Briggs vs. Stafford, 14 L. 382; 9 L. 350; 3 N. S. 509 and 582; Bissell vs. Erwin, 15 R. 94; Rowly vs. Berard, 11 R. 478.

14. A case will not be remanded though material evidence was received below which was inadmissible, where, from the circumstances of the case, the only effect of remanding it would be to delay the plaintiff without promoting the ends of justice. Union Bank vs. Jones, 4 An. 220.

15. Testimony of witnesses taken contradictorily at first trial may be offered at subsequent trial if witnesses are absent from parish, or from any cause can not be present. Francis vs. Levine, 26 An, 313; Heffner vs. Hesse & Herzogg, 29 An. 149.

16. The verdict must always be understood with reference to the pleadings and as responsive to the issues made by them. 5 M. 546; 3 L. 70; 3 R 84; 9 An. 70; 6 N. S. 689; 17 An. 166.

17. Admission in answer relieve plaintiff from proving his demand. Hennen's Digest, pp. 1150, 1151. An admission in answer that plaintiff received the note from payee, entitles transferree to judgment against maker. Moore & Simonds vs. Polk, 24 An. 126; also 19 An. 182. Judgment on notes will be *res judicata* against any one who might afterwards claim an interest therein, hence defendant can not contest plaintiff's interest in note, unless he alleges a good defense against real owner. Ricard vs. Harrison, 19 An. 182; 18 L. 92.

18. A judgment in lower court or defective verdict can not be sustained, but in reversing it the court will not remand, but will render proper judgment if record presents all facts necessary to a decision of the case. Hozea vs. Miles, 13 La. 109: Collins vs. Hamilton, 14 La. 343; 39 An. 891; Miller, Lyons & Co. vs. Cappell et al.; also Maloney Brothers & Co. vs. Rugeley, Blair & Co., 21 An. 330, which says: "When the Supreme Court has all the facts before it, and is passing on the merits of the case, it will not notice irregularities in charge to the jury."..

---

*E. J. Delony* and *C. S. Wyly* for Defendant and Appellant:

When a party receives mortgage paper as collateral, and assumes control of same as owner, and sues out an order of seizure and sale thereon in his individual name, he is bound as pledgee for the whole amount of said collateral to the pledgor, and for all loss or damage which the pledgor has sustained through his fault or neglect to collect the claim placed in his hands.

He is responsible for the rents and revenues of the property under seizure upon said collaterals, when he fails to require the sheriff to collect the same, from date of seizure to day of sale.

And also for all damage sustained by the pledgor by reason of his failure to sue upon the injunction bonds executed in his favor by the mortgage debtor, who enjoins the seizure and sale, when the injunction is dissolved and the right to sue for damages is granted him (at his request) by the court dissolving the injunction.

To be exonerated he must show reasonable diligence on his part to collect the whole claim placed in his hands, and taken charge of by him, or that he has retured the same to the pledgor and transferred to him the injunction bonds, and thereby placed him in a position to collect said balance and exercise the right granted him by the court to sue upon said bonds. C. P. 656, 658; R. C. C. 466, 2295, 3167; 6 An. 763; Pothier's Nantissment, No. 36; Story on Bailment, Sec. 351.

The opinion of the court was delivered by

BREAUX, J.  Plaintiffs, owners of all the assets of John Chaffe & Sons, former owners, instituted this suit against the defendant to recover of him a balance, alleged to be due on three notes, the face value of which aggregate an amount of $2700 in principal, dated 6th September, 1882, and bearing 8 per cent. interest from March 1, 1882.  These notes show certain credits endorsed, the correctness of which is denied.

The defendant in his answer denies the allegations of the petition and only admits the execution of the notes sued on.

He contends that he is released from his obligation as maker of the notes for the reason that he transferred to John Chaffe & Sons three certain promissory notes as collateral security, signed by M. DuBose as drawer, and secured as to their payment by mortgage on property in the town of Lake Providence.  These notes thus transferred amounted to $2000, and bore 8 per cent. interest per annum from December 10, 1878.

The attorney of defendant had these notes in collection.

They remained in his possession with the consent of the defendant.

The pledgees brought suit via executiva on these notes on November 3, 1882.

The proceeding of foreclosure was enjoined by Dubose.

From that judgment appeal was taken to this court.  Vide, Chaffe & Sons vs. V. Dubose, 36 An. 257.

Afterward a second injunction suit was brought by the same plaintiff in injunction.

These two injunctions having been disposed of, the property mortgaged to secure the payment of the pledged notes was ultimately sold on June 6, 1885, for $1500.

The sheriff's return made at the time show that he deducted costs, taxes and fees, leaving an amount of $1049.26 to the credit of the seizing creditor.

No objection was made to the deduction.

A short time after the sale, in 1885, the pledgees furnished a statement to the defendants in which was included the items charged by the sheriff in his return as well as others, amounting altogether to $562.47, and leaving a balance to defendant's credit which was afterward endorsed on his notes, due to the plaintiffs, of $937.53.

The statement was enclosed by mail to the defendant who was requested to examine it and let them know if correct.

The request was complied with, and the statement was accepted as satisfactory.

The defendant now claims that plaintiffs made themselves the owners of the DuBose notes, pledged by him to them, and responsible for the whole amount; and besides he claims and charges that it was the duty of Chaffe & Sons to require the sheriff to collect rents upon the property during the seizure, and having failed so to do, he alleges that they became responsible to him for the amount, viz: $30 per month for thirty months, and he prays that he be credited with this amount.

He also alleges that plaintiffs owe the balance due on the Dubose notes, because they failed to sue him for this balance; that they should be held for not having brought suit for costs and damages on the injunction bonds furnished by Dubose, the debtor of the pledged notes.

The amount of this last claim is limited to $1500.

The case was tried by jury and a verdict was found for plaintiffs for the amount claimed.

On motion for new trial the verdict was set aside for defect of form.

On new trial judgment was pronounced for plaintiffs from which the defendant appeals.

*     *     *     *     *     *     *     *

It is in place to decide the questions presented in several bills of exceptions.

Upon the last trial counsel for plaintiffs offered the testimony of two witnesses taken upon the former trial.

One of the witnesses was sick and unable to be present, the other absent.

Counsel for defendant objected upon the grounds that it was not shown that this evidence could not again be taken either in person

or by commission; that he would be limited to this testimony, and denied the right of interrogating these witnesses.

The issues in the first and second suits were identically the same, not the least amendment had been made; the evidence was taken contradictorily with the defendant, who only claimed the right to interrogate the witness upon other matters than those testified to in the first suit.

The defendant had ample opportunity for the cross-examination of the witnesses in the first suit.

We do not discover the least surprise or advantage. Conway vs. Erwin, 1 An. 391. Even if this evidence were excluded, the damages claimed would not be proven.

Without it, the record discloses the insolvency of the debtor of the collateral security; and it is not proven that the loss of the bonds, if any, was one for which the plaintiff could be held.

  *  *  *  *  *  *  *  *

The counsel for the defendant, it is shown by a second bill, offered to prove by his own testimony that he had received a proposition from M. Dubose to transfer him property by which the whole amount of the Dubose notes placed in the hands of Chaffe & Sons by him could be realized, also to prove the answer made by the latter.

The defendant did not object when the sheriff credited the proceeds under the foreclosure proceeding before mentioned; he also expressly approved the distribution of the funds as made; he did not allege in term that Chaffe & Sons declined to accept a proposition of compromise, made through him, whereby the whole claim would have been settled.

The evidence was not admitted and was properly excluded.

### ON THE MERITS.

There was nothing extraordinary in the business transaction which gave occasion for this litigation.

The defendant offered his notes to plaintiffs his creditors, in order to obtain time, and offered certain notes, secured by mortgage, as collateral security.

They were accepted.

In accordance with agreement between pledgor and pledgees, the pledged notes remained in the hands of the attorney, who had them for collection at the time the pledge was made and suit brought on

the pledged notes. Not the least disagreement arose between pledgors and pledgees during the foreclosure and injunction proceeding. The defendant was at the place; plaintiffs resided at some distance.

The defendant in his answer sets forth that "said Chaffe & Sons took full and complete control and possession of said notes, and exercised all the rights of ownership over them—even denying unto your respondent any right to stipulate or dictate what should be done with them."

These allegations are not supported by a preponderance of evidence.

The testimony of one of the plaintiffs and of the attorney is uncontradicted in many respects. It does not corroborate that of the defendant about the ownership of the notes and the management of the suit. It is not shown that plaintiffs attempted to exercise rights of absolute ownership.

※     ※     ※     ＊     ＊     ※     ＊     ＊

Defendant earnestly contends that plaintiffs are responsible for the whole of the amount of the pledged notes, for the reason that after the property mortgaged had been sold to satisfy the collateral security, suit was not brought for the balance due.

The debtor owned only this mortgaged property. He was insolvent at the time. The pledgees can not be held responsible for not having brought suit against an insolvent debtor.

"The pledgee is responsible only for the damages sustained by the pledgor, and for the net sum he was legally able to collect." Blouin v. Harter & Herbert, 30 An. 714; Grove vs. Robert, 6 An. 210.

※     ※     ※     ＊     ＊     ＊     ＊     ＊

The defendant complains that the rent was not collected while the sheriff had the property in his possession under the foreclosure proceeding. He hastily assumes that it was the duty of the sheriff to collect rent, and charges up damages to plaintiff's account.

The dwelling seized was occupied by the debtor; i. e., the debtor of the collateral security, and his family.

"The sheriff ＊ ＊ ＊ can be held responsible only where the property is occupied by tenants who are bound to pay rent, or where the property being vacant or susceptible of being rented, he fails to take proper steps to rent it for a limited time." Conte vs. Handy, sheriff, 34 An. 863. As there was no authority in the sheriff to collect rent from the proprietor for the occupancy of his own dwelling

house, before divesture of his title; his authority being limited to needful acts to secure possession, the defendant, can not recover any damages from the pledgees upon the sheriff's failure to collect rent from the proprietor, who is permitted to occupy his dwelling while under seizure.

The attorney (named by pledgor), employed to sue on these pledged notes, testifies: "I never took any proceeding to force the collection of rent while the property was under seizure, because it was the residence of defendant Dubose, in which he resided, and owned by him—was neither vacant nor occupied by tenants, and under the law, in my opinion, the sheriff could not force him to pay rent while he occupied it as a residence.

"I brought two suits on the injunction bonds. I never interfered with Mr. Purdy's bringing proceedings for damages. I consulted with Mr. Purdy during all this litigation frequently. Mr. Purdy never instructed me to bring suit for damages on the injunction bonds."

Lastly, defendant alleges that plaintiffs are responsible in not having brought suit for damages on the injunction bonds taken in two suits to arrest the foreclosure proceeding.

The pledgor could have controlled these bonds and could have brought suit on them to prevent loss.

The pledgee has merely special property in the note pledged to secure the principal obligation. He is not obliged to take measures to collect it.

Either the pledgor or the pledgees may sue for an injury done to the pledge, a fortiori, he may sue to recover a right incidentally arising during the time the property is in pledge. Story on Bailments, Section 94.

The defendant has not shown any actual loss on these bonds. True, it is alleged that the sureties once solvent, are no longer solvent. This is not proven.

In some respects this case has features analogous to that of Commercial Bank vs. Martin, 1 An. 345.

As in that case, the plaintiffs were obliged to act through an attorney.

He counseled with the pledgor, and in all things connected with the foreclosure his counsel prevailed.

The plaintiffs used reasonable diligence in the choice.

The pledgor was consulted and indeed suggested his employment. The evidence discloses he was left at liberty to act and to recover everything possible on these bonds.

Plaintiffs are not responsible in damages.

We think the judgment should be affirmed.

Judgment affirmed.