No. 13,898.

OMER VILLERE AND WIFE VS. SUCCESSION OF JOHN T. SHAW.

SYLLABUS.

1.  The landlord has a privilege on the property that remained on his premises after the lease had expired.
2.  The landlord's possession is not changed by the effect of agreements between tenants succeeding each other as tenants.
3.  The statutory pledge, when the pledgee continues in possession is as effective in suspending prescription as the contractual pledge.

IN RE Frank W. Braun, Intervenor, Applying for *Certiorari,* or Writ of Review, to the Court of Appeal, Parish of Orleans, State of Louisiana.

*Rufus E. Foster,* for Applicant.

*Saunders & Gurley,* for Plaintiff, Respondent here.

The opinion of the court was delivered by

BREAUX, J. This was a suit on a note and for the provisional seizure of a show case and other articles on the premises leased. The defendant answered, pleading the prescription of five years. Frank W. Braun intervened in the suit and he also pleaded prescription.

The judge of the First City Court rendered judgment for plaintiff against defendant, and dismissed the intervention. The intervenor appealed to the Court of Appeal, and in that court the judgment of the First City Court was affirmed. In due time, after the judgment of the Court of Appeal had been rendered, the intervenor applied to this court for a writ of *certiorari* and review, and his contention now is in support of his application that plaintiff's note is prescribed.

The facts are that John T. Shaw, tenant of Peter O'Donnell, sold out his stock and fixtures in the leased premises to T. J. Tully, in 1896, who succeeded Shaw as O'Donnell's tenant and bought Shaw's stock and fixtures. A short time afterward Tully sold to Byrnes, who in turn sold to Clark, and Clark to Braun, the intervenor before mentioned. These parties became successively the tenants of O'Donnell,

and the property provisionally seized remained on the premises of the lessor from 1894 to date.

It appears that Shaw's lease was transferred to the first tenant, Tully, direct without his assuming any back rent, and that none of Shaw's successors owe any rent. O'Donnell was informed of Tully's intention to buy out Shaw and consented to transfer the lease to him. He, also, allowed a soda fountain, valued at five hundred dollars, which Tully did not buy, to be removed from the premises.

Plaintiff in the suit, who succeeded O'Donnell as owner, respondent here, denies knowledge of Mr. Braun's purchase. She sets out in the agreed statement of facts that she always considered the articles seized as burdened with the landlord's privilege and had no knowledge, until shortly before suit, of defendant's (intervenor's) purchase of these articles. She considered them sufficient in value to secure her claim and thought it useless to press same by suit.

Relator (intervenor Braun) alleges in substance that the questions of law involved, are prescription *vel non* of the debt and estoppel *vel non* of the landlord to claim a lien.

The question in our mind is in great part, if not entirely, one of possession. If plaintiff parted with possession more than five years prior to instituting suit, then the note sued on is prescribed. If, on the contrary, the landlord continued in possession, as he claims, the note is not prescribed. The lessee's possession is the lessor's. He holds for the owner. The lessee, it is true, as relates to his own property, ordinarily holds for himself. Here an exception arises. The articles may be retained on the property, and by operation of law the lessor may "take the effects themselves and retain them until he is paid." C. C. 3218.

After the expiration of the lease, if the property remains on the premises, it is considered under the plain provision of the Code in his possession until the rental is paid. The tenant cannot, by a sale, take from him the right which he has on the property. "The lessor, on the contrary, may take the effects themselves and retain them until he is paid." C. C. 3208.

The articles were in the premises subject to the lessor's right, and without some downright act changing the possession they remain subject to the lessor's claim. If removed, in the course of a few days, the privilege is lost, but if it continues on the premises it is then to be

held for account of the lessor unless it be evident by some act he has lost his possession, but this is not evident, as will be seen by the following: The lessor claims that the landlord° O'Donnell, through whom Mrs. Villere holds, was informed of the intention of Tully to buy Shaw out, and that he, nonetheless, transferred the lease to the former without saying anything to Tully about his claim for rent.

In this we think there was error for the reason that it nowhere appears in the record that O'Donnell, nor his successor as owner, knew that an attempt would be made to take property on which he had the lessor's privilege. The agreed statement of fact does not show any such special knowledge, nor the act of sale by Shaw to Tully submitted with the application for this writ. We can hardly be wrong in supposing that the lessor, not having been notified, knew nothing of the sale of these particular articles. The evidence does not show that he ever intended to abandon any of his rights on the property.

The articles consisted of things that would suggest the necessity of a buyer's inquiring when buying from a tenant. They consisted of "show cases, doors, and counters." The least inquiry would have been sufficient. The tenant must be held to have known that if there was a balance due on the lease, that the property could be held. Despite this knowledge, he chose to buy without the least inquiry and now assumes that the landlord must have known of his purchase and must be held to have abandoned his right as lessor, although the evidence does not show that he knew that this particular property would be included in the deed.

Plaintiff (intervenor Braun), in this application for the writ, seeks to lay down a difference between a contractual pledge and a statutory pledge. As relates to the right of retention, we have not found that there is any material difference when the statutory pledgee, as in this case, remains in possession.

A pledge is a privilege with the right of retention of the property pledged. This is precisely the lessor's right. The right of retention is formally recognized in a number of articles of the Civil Code, notably 1268, 2740 and 3178. In these and other articles, when the creditor is in possession, prescription is suspended. It is the possession which suspends the prescription, and this without regard whether the pledge is statutory or conventional. With reference to the right° of retention, Dalloz Journal du Palais, Supplement, Vol. 2, p. 810,

Cotton Seed Oil Co. vs. Refining Co.

says every one knows that the right of retention is derived from the *law* or from contract. The right of retention and rights incidental thereto fall with loss 'of possession of the thing. The creditor who has deseized himself of the thing only has a personal action. Troplong, Privileges and Mortgages, No. 259.

We have dwelt more particularly on the possession because, in our view, it must follow if the lessor continued in possession, the claim for which the property was held was not prescribed. Latiolais vs. Bank, 33rd Ann. 1452.

These being our reasons, it is therefore ordered, adjudged and decreed, that the rule *nisi* issued in this case be recalled and discharged, and the application of the relator and intervenor is rejected.

Rehearing refused.

MR. JUSTICE PROVOSTY dissents. ·