(47 South. 447.)

No. 17,306.

MEYER BROS., Limited, v. COLVIN.

(Oct. 19, 1908.)

1. PRESCRIPTION — SUSPENSION — POSSESSION OF COLLATERAL.

The continued possession by the creditor of a note pledged as collateral operates a suspension of prescription on the principal obligation after the collateral note is prescribed on its face.

[Ed. Note.—For other cases, see Limitation of Actions, Dec. Dig. § 168.*]

2. PLEDGES (§ 30*)—LACHES OF PLEDGEE— REMEDIES OF PLEDGOR.

In such a case the remedy of the pledgor is for damages sustained by reason of the laches of the pledgee, who is responsible for the net sum he might have collected by legal proceedings seasonably instituted.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. § 85; Dec. Dig. § 30.*]

(Syllabus by the Court.)

Action by Meyer Bros., Limited, against J. A. Colvin. Judgment for plaintiff, and defendant appeals to the Court of Appeal. Certified certain questions to the Supreme Court. Questions answered.

Hudson, Potts & Bernstein, for plaintiff. Orin Medicus Grisham and John Henry Mathews, for defendant.

LAND, J. Pursuant to article 101 of the Constitution of 1898, the judges of the Court of Appeal, Second Circuit, submit the following statement and questions, viz.:

"The plaintiff sues on a promissory note which was executed by the defendant on July 11, 1890. It matured on November 1, 1890, and the suit was not instituted until November 21, 1903, 13 or more years thereafter.

"About the time of its execution, there was pledged and delivered to the plaintiff company, as collateral to secure its payment, a note signed by a third person, which was executed on October 21, 1890, and matured 30 days from its date. This note remained in the continuous possession of the plaintiff until the institution of the suit.

"When confronted by a plea of the prescription of five years against the note sued on, the plaintiff contended that the prescription had been suspended by the detention of the collateral note, whereupon the defendant interposed a plea of prescription against the collateral note.

"It is not contended, neither does it appear, that the prescription of the collateral note was interrupted in any way."

Our learned Brothers below on this statement of facts certify the following questions of law arising in said case, viz.:

"(1) Does the detention of the creditor of a collateral note, after the expiration without interruption of the period of prescription thereof, continue to operate as a suspension of the prescription of the principal note or obligation?

"(2) Can the debtor of the original obligation sued on, under such circumstances, plead prescription of the collateral note which he has given in pledge?"

It is not disputed that prescription was suspended during the life of the pledge, but defendant contends that the pledge itself was extinguished by the prescription of the collateral note more than five years before the institution of the suit in question. Plaintiff replies that prescription per se does not extinguish an obligation until such bar is pleaded and sustained by the court in some proceeding against the debtor, and the defendant cannot plead prescription against his own right of action on the collateral note.

The pledge is in the hands of the creditor only as a deposit to secure his privilege. Civ. Code, art. 3166. The creditor cannot acquire the pledge by prescription, whatever may be the time of his possession. Civ. Code, art. 3175. On the other hand, prescription does not run in favor of the debtor during the existence of the pledge. It is not the contract or act of pledge that interrupts prescription, but it is the detention of the thing pledged by the creditor, or some one, by consent for his account. Conger, Executor, v. City of New Orleans, 32 La. Ann. 1253, and authorities there cited. The thing pledged in the case at bar was a promissory note, which was duly delivered to the creditor. This note has neither been lost nor destroyed, but is still in possession of the creditor.

whose obligation to return the pledge and to answer for any loss or damage to it resulting from his fault still continues. Civ. Code, art. 1908. The prescription of the note pledged does not carry with it the prescription of the principal obligation. The failure of the pledgee to interrupt prescription on the collateral makes him responsible only for the damages sustained by the pledgor, which are measured by the net sum the pledgee might have collected by legal proceedings seasonably instituted. Chaffe & Co. v. Purdy, 43 La. Ann. 395, 8 South. 923.

We therefore answer the first question "Yes," and the second question "No."