(74 South. 628)

No. 20852.

FIRST NAT. BANK OF LAKE CHARLES v. BELL (POPE, Garnishee).

(March 12, 1917.)

*(Syllabus by Editorial Staff.)*

1. CORPORATIONS ⬅123(1) — TRANSFER OF STOCK—NOTICE TO CORPORATION—STATUTE.

Under Act No. 180 of 1904, providing that the delivery of a stock certificate of a corpora-

tion to a bona fide purchaser or pledgee for value with a written transfer of the same, or a written power of attorney to sell, assign, and transfer the same signed by the owner of the certificate, shall be a sufficient delivery to transfer the title as against all parties, a pledge of the stock is valid, though the corporation was never notified thereof, since when a thing done is sufficient there can be no necessity for doing anything more.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 507.]

2. STATUTES ⬅113(1)—TITLE—TRANSFER OF CORPORATE STOCK.

The title of an act declaring that it is one relative to the transfer of stock in corporations is sufficient to cover a provision prescribing what shall be sufficient to effect a transfer of the stock.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 141.]

3. CORPORATIONS ⬅123(2)—PLEDGE OF CORPORATE STOCK—FORM—SECURITY FOR NOTE.

A written statement on the back of a note that the note is secured by a certificate for corporate stock, which stock is the property of the payee, to whom all earnings shall belong, and that the note is only given to secure to the payee the right, on demand, to secure payment of the amount on return of the stock, is a pledge not a sale of the stock, especially where the testimony shows that the intention of the parties was to pledge, and not to sell.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 8.]

4. GARNISHMENT ⬅29 — RIGHTS OF PLAINTIFF—OWNERSHIP OF PROPERTY.

In proceedings to garnish corporate stock held by the garnishee, who claimed a pledge therein, plaintiff cannot contend that the transfer of the stock to the garnishee was a sale not a pledge, since he could not ask to subject the stock owned by the garnishee to the payment of defendant's debt.

[Ed. Note.—For other cases, see Garnishment, Cent. Dig. §§ 47, 50, 74, 98, 100.]

5. LIMITATION OF ACTIONS ⬅145(1)—INTERRUPTION OF PRESCRIPTION.

A pledge of corporate stock securing a note is a constant acknowledgment of the debt which constantly interrupts prescription.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 584, 586, 590, 591.]

6. LIMITATION OF ACTIONS ⬅145(1) — PRESCRIPTION—INTERRUPTION—RIGHTS OF CREDITORS.

The pledge of corporate stock to secure a note interrupts prescription against the note, even as between the pledgee and other creditors of the debtor, though if prescription had accrued the debtor could not renounce the right thereby acquired to the prejudice of his creditors.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 584, 586, 590, 591.]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Alfred M. Barbe, Judge.

Action by the First National Bank of Lake Charles against Louis J. Bell, in which N. D. Pope was summoned as garnishee. From a judgment sustaining the commissioner's claim of pledge of the property of defendant in his possession, plaintiff appeals. Affirmed.

Pujo & Williamson, of Lake Charles, for appellant. McCoy & Moss, of Lake Charles, for garnishee.

PROVOSTY, J. The plaintiff, a judgment creditor of the defendant Bell, caused garnishment process to be issued upon his judgment, and interrogatories to be served upon the garnishee, Pope. The latter answered that he had in his possession 50 shares of stock belonging to the defendant, Bell, but that he held the same in pledge as collateral security for a note of Bell for $5,000, dated April 29, 1907, payable on demand.

Plaintiff urges that this pledge cannot avail the garnishee: First, because invalid; and, secondly, because, if ever valid, it has lapsed, by reason of the said note having been extinguished by the prescription of five years.

The invalidity is urged on the ground that the corporation whose stock is in question was never notified of the pledge.

To this the garnishee answers that by Act 180, p. 370, of 1904, such notification is dispensed with. This act reads:

"An act to establish a law uniform with the laws of other states relative to the transfer of stock in corporations.

"Be it enacted by the General Assembly of the state of Louisiana, that the delivery of a stock certificate of a corporation to a bona fide purchaser or pledgee, for value, together with a written transfer of the same, or a written power of attorney to sell, assign, and transfer the same, signed by the owner of the certificate, shall be a sufficient delivery to transfer the title as against all parties; but no such transfer shall affect the right of the corporation to pay any dividend due upon the stock, or to treat the holder of record as the holder in fact, until such transfer is recorded upon the books of the corporation, or a new certificate is issued to the person to whom it has been so transferred."

Plaintiff says that this law does not dispense with notice to the corporation, and that if it had that effect it would be unconstitutional as violative of article 31 of the Constitution, requiring the object of an act to be expressed in its title.

[1] This law manifestly has the effect of dispensing with notice to the corporation, since it says that a delivery of the stock to the pledgee together with a written transfer shall be a sufficient delivery to transfer the title as against all parties. When the thing done is "sufficient," there can be no necessity for doing anything more. Whatever more might be done would be mere surplusage.

[2] As to the sufficiency of the title of the act, the declaration that the act is one "relative to the transfer of stock in corporations" appears to us clearly to cover a provision prescribing what shall be sufficient to be done for effecting a transfer of such stock.

[3] The pledge is further impugned on the ground that, as appears by the writings evidencing it, it is in reality not a pledge, but a sale.

These writings are as follows: A promissory note on the back of which appears the following:

"This note is secured by Cert. No. 13 for 50 shares of the capital stock of the Martin Tram Co., Ltd., which are in fact the property of N. D. Pope, and all earnings accrued on these shares of stock from date to belong to the said N. D. Pope, and this note is only given to give the said N. D. Pope the right to at any time, upon demand, to secure payment of the amount of $5,000.00 upon the return of the attached stock."

The certificate of stock, with the following indorsement:

"For value received ...... hereby sell, assign, and transfer unto ...... ...... shares of the capital stock represented by the within certificate, and so hereby irrevocably constitute and appoint ...... to transfer the said stock on the books of the within-named corporation with full power of substitution in the premises.
"Dated .........., 190...
"In presence of          [Signed] L. J. Bell."

[4] The stock belonged to Bell, and the testimony shows that the intention of these writings was to pledge, and not sell, it. That intention, moreover, is evidenced from the writings as a whole. But if, as plaintiff contends, the stock was sold to Pope and belongs to him, what is there, then, to fight over? Plaintiff certainly would not (even as a mere matter of conscience, let alone law) seek to subject the property of Pope to the payment of a debt of Bell.

[5] As far as prescription is concerned, the pledge was a constant acknowledgment of the debt, constantly interrupting the prescription. Police Jury v. Duralde, 22 La. Ann. 110; Citizens' Bank v. Johnson, 21 La. Ann. 128; Bank v. St. Amans, 23 La. Ann. 294; Begue v. St. Marc, 47 La. Ann. 1163, 17 South. 700; Latiolais v. Citizens' Bank, 33 La. Ann. 1452.

[6] But the learned counsel of plaintiff say that the principle here announced can have application only as between the debtor and the creditor; not as between the debtor and the other creditors of the debtor.

In the nature of things it is only as between the debtor and the creditor that prescription can be interrupted. Learned counsel confuse here between the interruption of a running prescription and the renunciation of an accrued prescription. By the accruing of the prescription the debtor acquires a certain right, viz. the right to plead prescription. This right he cannot renounce to the prejudice of his creditors for the same reason for which he cannot renounce or otherwise divest himself of any other right which he may have of pecuniary value. But the question of renunciation has absolutely nothing to do with the question of whether the course of prescription is interrupted or not by the constant acknowledgment of the debt resulting from the continued existence of a pledge to secure payment of the debt. The pledge or constant acknowledgment of the debt and consequent constant interruption of the prescription does not operate as the renunciation of the prescription, or of any right, but as an obstacle to the prescription, or to the right to plead it, being acquired.

Judgment affirmed, at the cost of plaintiff.