## GRAVES v. PIERCE et al.

### No. 1633.

Court of Appeal of Louisiana. First Circuit.

Oct. 7, 1936.

Ott & Johnson, of Franklinton, for appellant.

M. I. Varnado, of Bogalusa, for appellee.

Le BLANC, Judge.

In the lower court, plaintiff in this suit successfully enjoined the seizure and sale of her property under a foreclosure proceeding instituted against her by the defendant C. E. Pierce, on the ground that the mortgage note sued on was prescribed. The defendant has appealed from a judgment restraining him and the sheriff of Washington parish, his codefendant, from proceeding further with the seizure, advertisement, and sale of the property.

In the foreclosure suit, C. E. Pierce, the alleged mortgage creditor, set out in his petition that he was "the holder and owner, for value and before maturity" of a certain promissory note, described in detail and shown to be the mortgage note executed by the plaintiff herein. As was required, the note itself was annexed to and formed part of the petition as well as was a certified copy of the act of mortgage with which it was paraphed by the notary for identification. The date of maturity as shown on the face of the note was October 1, 1927, and there are no payments whatever indorsed on it. The foreclosure suit having been filed February 4, 1936, it was apparent that the note was prescribed on its face.

In answer to the plaintiff's suit for injunction based on the prescription of five years, the defendant Pierce averred that the note foreclosed on had been executed and delivered to him as security for an open account for merchandise to be sold and delivered by him to the plaintiff beginning with the year 1927 and running through 1930, and which merchandise was actually sold and delivered by him during all of which time he held the said note in his possession, and that in the years 1932 and 1933 plaintiff made payments on the said account which kept the same alive. The contention made is that the keeping of the open account alive had the effect of also keeping alive the mortgage note given as a continuing collateral security therefor.

The defendant sheriff, for answer, averred that he had no interest in the matters and things involved, and he accordingly submitted them to the court for such orders as it may deem necessary.

Upon the answer of the defendant Pierce being filed, plaintiff moved the court to strike therefrom article 4, being the article which contained the allegation that the defendant held the note involved in the proceeding as a continuing collateral for an open account. The motion was based on the ground that the capacity in which he now claimed to hold the note being entirely different from that in which he alleged himself as owner and holder in due course, in his petition for executory process, defendant was clearly attempting to change the issue in order to circumvent the plea of prescription urged against him. The minutes of court show that the motion was

818

overruled on the same day on which it was filed.

In this court, plaintiff complains of the ruling of the lower court on her motion, insisting that the same should have been sustained and the defendant restricted to the first issue as presented in his petition for executory process. She seems, however, to have acquiesced in the ruling of the court. In his brief, her counsel states that an exception was noted to the ruling of the court, but the minutes do not so indicate, and, besides, whatever little testimony appears in the record on the issue as made in the defendant's answer seems to have been admitted without objection on the part of the plaintiff. So, whatever merit there may have been in the motion, we find ourselves unable to review the ruling of the lower court on this appeal.

The only question involved therefore may be said to be that raised by the defendant's answer, and which might be stated as follows: Does the interruption or suspension of prescription on an open account have the effect of also interrupting or suspending it on a mortgage note given as a continuing collateral or security therefor? We say that that is the only question presented, as it is conceded by defendant that the mortgage note itself is prescribed on its face.

We deem it proper to state that we find what testimony there is in the record concerning the giving of the mortgage note as security for the open account, very weak indeed, and were it not that we were so firmly convinced that as a matter of law, the keeping alive of the open account did not have the effect of keeping the note alive, we might be disposed to reject the special defense made, for lack of proof.

There is no law, as far as we have been able to find, to support the proposition that the interruption of prescription on the principal obligation, of itself, interrupts prescription on a note given in pledge to secure it. Neither, do we think, does the fact that the collateral note was given to secure future, as well as past or current, advances, make any difference. Whilst it is true, as held in Meyer Bros., Ltd., v. Colvin, 122 La. 153, 47 So. 447, that "the continued possession by the creditor of a note pledged as collateral operates a suspension of prescription on the principal obligation after the collateral note is prescribed on its face," it does not follow as a corollary that the interruption of prescription on the principal obligation is of itself sufficient to revive the pledged note which is prescribed on its face. If there is any decision of any of our courts that has any bearing on the question presented, we think it is the one found in the case of Lehman, Abraham & Co. v. Estate of T. Mahier, 34 La.Ann. 319. The court, in that case, was called on to pass on a plea of prescription urged by the administrator of the estate of the decedent who was the maker of the note foreclosed on, and an attempt was made to show an interruption of prescription by certain letters written by the decedent to the creditor, Lehman, Abraham & Co. We note the following comment by the court which we find rather pertinent to the issue involved in the case before us:

"The whole testimony satisfies us that the transactions between Mahier and plaintiffs were carried on in open account, extending over a series of years, and varying in the balances shown, and that the mortgage note was really held as a continuing collateral security for this account.

"The acknowledgments deducible from the letters may, and probably do, refer to the debt thus due in open account, and do not operate as an acknowledgment of the note itself, sufficient to interrupt prescription thereon."

In National Union Bank of Oshkosh v. Parker, 148 La. 722, 87 So. 724, 725, the case just quoted from was referred to in the following language.

"A case strictly analogous to the present is Lehman, Abraham & Co. v. Mahier's Estate, 34 La.Ann. 319, where a note was held as 'a continuing collateral security' for an open account; and letters referring to the open account were held not to have interrupted prescription on the note."

The only difference on this point, between the case of Lehman, Abraham & Co. v. Mahier's Estate and the one presently before us, as far as we are able to see, lies in the form of acknowledgment of the open account for which the mortgage note was given as a continuing security. In that case, the acknowledgment was made by letters written by the debtor; whereas here, it was by payments made on the account itself. In legal principle, with regard to the acknowledgment of the account being insufficient of itself to operate as an ac-

knowledgment of the securing note, they are the same.

The judgment of the lower court which sustained the plea of prescription is correct, and it is therefore affirmed.