ROGERS, Justice.
 

 The Parlor City Lumber Company, Inc., sued Mrs. Anna S. Sandel on a certain second mortgage note for $6,000, alleging that the note had been given to secure a note of Percy Sandel for $5,897.26, and that it was past due and unpaid, notwithstanding amicable demand. Both notes were annexed to the petition. Mrs.' Sandel, in her answer, admitted she executed and delivered the note as collateral security for the note of Percy Sandel, but she denied liability, alleging that she had been released from any personal obligation thereon under an oral agreement made with plaintiff.
 

 On the trial of the case, defendant’s offer of pa-rol evidence to prove her special defense was excluded on plaintiff’s objection, and judgment was rendered against defendant for the amount sued for. Defendant appealed, and this court,, holding that the evidence offered by defendant was admissible, remanded the case for further proceedings consistent with the views expressed in the opinion. Parlor City Lumber Company, Inc. v. Sandel, 186 La. 982, 173 So. 737.
 

 After the case had been remanded, defendant filed a rule against plaintiff to show cause why she should not be permitted to withdraw her answer for the purpose of filing certain peremptory pleas and exceptions. This rule was heard and
 
 *395
 
 denied by the trial judge. Defendant then filed .an exception of no right or cause of action and a plea of prescription and a plea in bar. The exception and pleas were heard and referred to the merits. A second trial was then had, as ordered by this court, on which the testimony previously excluded was admitted. The trial resulted in a judgment overruling the exception and pleas filed by defendant, and awarding plaintiff the amount sued for. Defendant appealed from the judgment, and in this court has filed- a plea of estoppel as a bar to any recovery by plaintiff.
 

 We find no error in the denial by the trial judge of defendant’s rule to withdraw her answer for the purpose of filing certain peremptory pleas and exceptions, the kind or nature of which was not stated. There was no necessity for withdrawing the answer for the purpose alleged, if, in fact, it could be withdrawn. Having answered to the merits, defendant was not entitled to file any peremptory exception or plea relating merely to form. Code Prac. art. 344. And any peremptory exception or plea founded on law which defendant desired to urge was pleadable at any stage of the proceeding prior to definitive judgment. Code Prac. art. 346.
 

 The questions to be determined arise on defendant’s peremptory pleas founded on law, her special defense on the merits, and her plea of estoppel filed in this court..
 

 Defendant’s peremptory pleas, taken as a whole, are predicated on her contention that prescription having accrued on the note of Percy Sandel, the principal debtor and pledgor, on July 5, 1936, plaintiff’s accessory right of privilege or pledge is also extinguished, and, hence, plaintiff’s action must fall.
 

 This suit is not on the principal note of Percy Sandel, who is dead, but on the collateral note of Mrs. Sandel. The reason suit was not brought on the principal note is that the succession of Percy Sandel, the maker, is insolvent, and it would have been a useless thing to do. The instant suit, however, was filed within five years from the maturity of both the principal note and the collateral note.
 

 It is the established jurisprudence of this state that prescription does not run in favor of the debtor during the existence of the pledge; the reason underlying the rule being that the pledge is a standing acknowledgment on the part of the debtor of his indebtedness. Meyer Bros. v. Colvin, 122 La. 153, 47 So. 447; First Nat. Bank v. Bell, 141 La. 53, 74 So. 628; Farmers’ L. & M. Co. v. Langley, 166 La. 251, 117 So. 137.
 

 Defendant admits the existence of this jurisprudence, but she contends that it does not govern this case. Her contention is that plaintiff having shown no written evidence of the pledge and of the pledgor’s consent to the holding of the pledge, and as under article 2278 of the Civil Code parol evidence was inadmissible to show these facts, the pledgor being dead, her plea of prescription as to the principal note must prevail. That as the principal obliga
 
 *397
 
 tion is prescribed the collateral obligation is also prescribed.
 

 The answer to defendant’s contention is to be found in the pleadings of the parties.- Plaintiff in its petition specifically-alleged that it held the note of Mrs. Sandel as collateral security for the note of Percy Sandel, and defendant, in her answer, specifically admitted that the allegation was correct. Her only defense to plaintiff’s suit was that she had been released from liability under an oral agreement with plaintiff. Defendant’s judicial admission, that her note was held by plaintiff as collateral security for the note of Percy Sandel, relieves the plaintiff of the necessity of producing any proof of that fact. First Nat. Bank of Shreveport v. Pierson, 184 La. 787, 167 So. 442.
 

 Taking up the merits of the case, we find, on considering the evidence produced on the second trial, that defendant utterly failed to establish her special defense to plaintiff’s action. The evidence is clear that plaintiff entered into no agreement with defendant herself nor with any person in her behalf to release defendant from liability on her note if she would refrain from bidding at the foreclosure salé of the mortgaged property, on which her. note was secured by second mortgage.
 

 Counsel for defendant, in discussing the merits of the case in their brief, frankly concede that “the defendant has probably not discharged the burden of proof resting upon her to show by a, preponderance of the testimony the contract of discharge alleged upon in her answer.” However, they contend that the facts established by the testimony are sufficient -to sustain the plea of estoppel which was filed in this court.
 

 Under her plea of estoppel, defendant contends that if the agreement which she alleges she made with plaintiff was not proved, nevertheless, the proof shows that defendant was misled by the plaintiff’s officers into the belief that plaintiff was looking only to the property for the satisfaction of its debt, and that, as a result of that belief, defendant did not seek to protect her equity in the mortgaged property. There is nothing in the' record to support defendant’s charge. The estoppel as well as the agreement set up by defendant is refuted by the evidence produced on the trial of the case.
 

 For the reasons assigned, the judgment appealed from is affirmed.