O’NIELL, Chief Justice.
 

 This is a suit on a promissory note for $3,000. It is signed by the defendant, L. L. Bogle, and is made payable to the order of the Pelican State Bank, plaintiff in the suit. Bogle pledged to the bank as collateral security for the $3,000 note a mortgage note for $2,500 signed by him, made payable to his own order and endorsed by him. The bank therefore, in its petition in this suit, prayed for recognition of its pledge of the mortgage note for $2,500, as well as for a judgment against Bogle for the $3,000, with the interest .and attorney’s fee stipulated in the $3,000 note. In his answer to the suit Bogle admitted that he had signed and issued both notes, and that he had granted the mortgage to secure the payment of the $2,500 note and had pledged that note to the bank as collateral security for the payment of the $3,000 note. He admitted also that he had made a certain payment of interest on the $3,000 note, which payment was endorsed on that note and had the effect of interrupting prescription of the debt represented by that note. But he pleaded that the mortgage note for $2,500 was extinguished by the prescription of five years, under article 3540 of the Civil Code, because no payment of either interest or principal had been made on that note, and it was more than five years past due when the suit was filed. Hence the defend
 
 *724
 
 ant prayed that, if judgment should be rendered against him on the $3,000 note, the' mortgage note for $2,500 should be adjudged extinguished by prescription, and the mortgage which was given to secure its payment should be ordered canceled and erased from the mortgage records.
 

 The case was submitted to the district court on a stipulation of facts, conforming with the allegations of the petition and answer. The only question submitted to the court therefore was the question of law, whether the interruption of prescription of the note for $3,000 by the payment of interest on that note, which represented the principal obligation, had the effect of interrupting prescription of the mortgage note for $2,500, which was pledged as collateral security for the payment of the $3,000 note. The judge of the district court gave judgment for the plaintiff for the $3,000 sued for, with the interest and attorney’s fee stipulated in the $3,000 note, but at the same time adjudged the $2,500 mortgage note extinguished by prescription, and ordered the mortgage canceled and erased from the mortgage records. The plaintiff is appealing from the judgment insofar as it maintains the plea of prescription of the $2,500 note. The defendant is not complaining of the judgment rendered against him on the $3,000 note.
 

 It is well settled that, if a debtor gives something in pledge to the creditor to secure the payment of the debt, prescription does not run against the debt so long as the creditor retains the thing in pledge, with the consent of the debtor. In such a case it is not merely the giving of the thing in pledge that interrupts prescription of the principal obligation; it is the continuous possession by the pledgee of the thing pledged, with the debtor’s consent to such possession, that serves as a continuing - acknowledgment of the debt — and is hence a constant interruption of prescription. Wilson v. Bannen, 1 Rob. 556; Montgomery v. Levistones, 8 Rob. 145; Citizens’ Bank v. Johnson, 21 La.Ann. 128; Police Jury v. Duralde, 22 La.Ann. 107; Citizens’ Bank v. Knapp, 22 La.Ann. 117; Citizens’ Bank v. St. Amans, 23 La.Ann. 293; Citizens’ Bank v. De St. Romes, 28 La.Ann. 125; Conger v. City of New Orleans, 32 La.Ann. 1250; Latiolais v. Citizens’ Bank, 33 La.Ann. 1444; Citizens’ Bank v. Hyams, 42 La.Ann. 729,
 
 7
 
 So. 700; Begue v. St. Marc, 47 La.Ann. 1151, 17 So. 700; Villere v. Shaw, 108 La. 71, 32 So. 196; Meyer Bros. v. Colvin, 122 La. 153, 47 So. 447; First National Bank v. Bell, 141 La. 53, 74 So. 628; Bank of Slidell v. Gause, 157 La. 128, 102 So. 93; Farmers’ Loan & Mortgage Co. v. Langley, 166 La. 251,
 
 117
 
 So. 137; Parlor City Lumber Co. v. Sandel, 189 La. 392, 179 So. 464; Liberty Homestead v. Pasqua, 190 La. 25, 181 So. 801; Marcade, Prescription, 146, 205; Troplong, Prescription, 534, 618, 628; Duranton, No. 269.
 

 In Meyer Bros. v. Colvin, 122 La. 153, 47 So. 447, it was held that the continued possession by a creditor of a promissory note pledged .as collateral security for a debt represented by another note of the pledgor operated as a suspension of prescription of the principal obligation even after the pledged note had prescribed. But
 
 *726
 
 the converse of the proposition is not true; that is, an interruption of prescription of the principal obligation does not prevent the prescription of a promissory note made by the debtor and given in pledge by him to the creditor as collateral security for the principal obligation. It was so held in the case of Lehman, Abraham & Co. v. Estate of Mahier, 34 La.Ann. 319. That was a suit by the debtor for an injunction against the creditor to restrain executory proceedings on a mortgage note on the ground that the note was prescribed. The mortgage note had been given by the debtor to the
 
 i
 
 creditor as collateral security for the payment of an open account. The creditor contended that certain letters written by the debtor in acknowledgment of the debt due on the open account had interrupted prescription on the mortgage note which the creditor held in pledge as collateral security for the payment of the account. But the court held that the interruption of prescription on the principal obligation did not interrupt prescription on the mortgage note. • Justice Fenner, for the court, stated the proposition thus:
 

 “The whole testimony satisfies us that the transactions between Mahier and plaintiffs were carried on in open account, extending over a series of years, and varying in. the balances shown, and that the mortgage note was really held as a continuing collateral security for this account.
 

 “The acknowledgments deducible from the letters may, and probably do, refer to the debt thus due in open account, and do not operate as an acknowledgment of the note itself, sufficient to interrupt prescription thereon.”
 

 In the case of National Union Bank of Oshkosh v. Parker, 148 La. 722, 87 So. 724, 725, one R. B. Blanks had sold a tract of land to a lumber company and had guarantied that he would return $6 of the price for every acre of land of which the title might prove defective, and “as further security for the payment of such damages” he signed and pledged to the lumber company his promissory note for $5,000, endorsed by John P. Parker. The title to 3,500 acres of the land proved defective, and in consequence Blanks owed the lumber company $21,000. Blanks having died, the debt of $21,000 was placed by the administrator on 'his final account as a liability of the succession, which was insolvent. In settlement of the succession the administrator paid $2,006 on the debt of $21,000 which $2,006 was the pro rata share or distributive dividend due on that amount. Meanwhile the note was transferred by the president of the lumber company to the National Union Bank of Oshkosh, without recourse, and was more than five years past-due when the bank brought the suit against Parker as endorser or guarantor for the payment of the note. Parker pleaded prescription, and the bank in turn pleaded that the partial payment of $2,006 made by the administrator of the succession of Blanks on the principal obligation of $21,000 had the effect of interrupting prescription on the $5,000 note which had been given as security for the payment of the principal obligation. But the court held that the interruption of prescription on the principal ob
 
 *728
 
 ligation did not have the effect of interrupting prescription on the $5,000 note that was given in pledge to secure the principal obligation; hence the court maintained the plea of prescription. In the course of the opinion delivered by Justice Provosty the case of Lehman, Abraham & Co. v. Mahier’s Estate, 34 La.Ann. 319, was cited with approval, — thus:
 

 “We may add that by the express terms of the contract the note was executed and delivered, not as evidencing the debt under the contract, but only ‘as further security for the payment’ of any debt that might in the future arise under it, very much in the same way that sometimes mortgage paper is made for the purpose of being used as collateral security for some debt already created or to be created, and is pledged as such security, without itself representing any debt. Breaux’s Digest, p. 599, No. 18.
 

 “A case strictly analogous to the present is Lehman, Abraham & Co. v. Mahier’s Estate, 34 La.Ann. 319, where a note was held as ‘a continuing collateral security’ for an open account; and letters referring to the open account were held not to have interrupted prescription on the note.”
 

 Lehman, Abraham & Co. v. Estate of Mahier, 34 La.Ann. 319, and National Union Bank of Oshkosh v. Parker, 148 La. 722, 87 So. 724, were cited with approval and followed by the Court of Appeal for the First Circuit in the case of Graves v. Pierce, 169 So. 817, and by the Court of Appeal for the Second Circuit in the case of Peoples Bank v. Waggoner, 200 So. 28. The facts in the latter case were similar to the facts in this case; that is to say, the debtor pledged to the bank two mortgage notes of which he was the maker, as collateral security for the payment of his note representing the principal obligation; and it was held that the renewal of the note representing the principal obligation did not have the effect of interrupting prescription of the two mortgage notes.
 

 The decision in the case of American National Bank v. Bauman, 174 La. 239, 140 So. 35, does not conflict with the decisions which we have cited, because in the American National Bank’s case, the debtor waived prescription on the mortgage note which he had pledged to the bank as collateral security for his note of $5,000 representing the principal obligation. The renewal of the mortgage note was written in the note of $5,000, in the handwriting of the debtor, in these words, “This note renewed.” There was no doubt though that the expression “This note renewed” had reference to the mortgage note, not only because the renewal was written immediately beneath the description of that note, but also because the note for $5,000 representing the principal obligation was itself a renewal note, and the renewal of the mortgage note was made at the time of the issuing of the $5,000 renewal note representing the principal obligation. On that finding of fact the decision in the American National Bank’s case was correct, but it is not applicable to this case because in this case there was no renewal or waiver of prescription of the mortgage note given as
 
 *730
 
 collateral security for the note representing the principal obligation.
 

 Our conclusion is that the judgment appealed from is correct.
 

 The judgment is affirmed.
 

 ODOM, J., absent.