ON REHEARING
PER CURIAM.
After the original opinion in this case was delivered, defendants-appellants Morris and Continental-Emsco filed applications for rehearing, and, for the first time, pleas of prescription.
The pleas are directed at the two notes, neither containing endorsements showing payments and both beyond the five year prescriptive period of C.C. 3540 prior to suit. Appellants argue that, even if we find prescription to have been interrupted by payment on the principal obligation (represented by the $50,000 note) or by the pledge of the collateral note, there was no payment on the $65,000 collateral note; that, if the collateral note prescribed, the *200 mortgage securing it fell, since it was an accessory obligation. (See Pelican State Bank v. Bogle, 202 La. 721, 12 So.2d 793). If its mortgage fails, World Service is only an unsecured creditor.
Appellee World Service objects to the plea of prescription, contending that .it is filed too late for consideration. With this position we agree. C.C.P. 2163; Succession of Douglass, 225 La. 65, 72 So.2d 262. This is not the first occasion in this litigation when prescription might have been raised by appellants. In its opinion, the district court found that Heartwell “first executed a $50,000.00 note to the World Service Life Insurance Company and as security for this note he executed another note for $65,000.00 with a mortgage on this lease.”
The applications of all appellants for rehearing are denied.