The opinion of the court was delivered by
Breaux, J.
The defendant, the maker of a promissory note, secured by mortgage, alleges that it is prescribed. More than five years had elapsed from its maturity on the day that service of citation and petition was made.
But at the same time that the defendant gave the mortgage, she assigned a policy of insurance to the mortagee, in writing, with the authority of her husband, in compliance with the usual clause of the mortgage act covering such assignment.
This was on the 6th day of August, 1884.
Payment of small amounts of interest was made from time to time, including a payment made of interest on August-6, 1892, at which date payment of the note was extended one year.
With reference to the payment of this interest and extension of payment of the note, the defendant alleges that her husband, who made the payment and obtained an extension, was without authority to represent her and to sign the endorsement written on her note.
On the 14th day of June, 1898, the policy was renewed. This policy, different from what it was with the first policy, was not assigned to the plaintiff on the books of the company, but it contains the provision: “Loss, if any, payable to Jean Marie Begue, as interest may appear.”
The defendant paid for this policy of renewal. It was not sent to her, although the officer at the insurance office had promised to send it to her.
The judgment was pronounced against the defendant. She has taken this appeal.
We will not stop to discuss the question of the assignment of a policy of insurance to a mortgage creditor, and whether or not it should, while in the creditor’s possession, be considered as a pledge, which suspends prescriptions on the note secured by mortgage. But the payment annually by the debtor of premiums to keep the policy alive was, in our opinion, of itself an acknowledgement. The pur *1158 pose seems to have been an acknowledgment. The contract of insurance was in'possession of the mortgagee. It contained evidence of an agreement that gives rise to one inference only — an indebtedness of the insured to the mortgagee.
Every year that agreement was renewed by renewing the policy. It gave strength and effect to the policy which the creditor held. This annual renewal is inconsistent with the absence of liability.
Insurance is for the mortgagor’s indemnity, as well as the mortgagee.
In securing the latter, it does seem to include an acknowledgment.
It was sufficiently fixed to operate as an acknowledgment by the order, in event of loss, to pay to the mortgagee the amonnt remaining due on his mortgage.
If the property insured had been destroyed by fire the sixth year after the maturity of the note, and while the policy in the hands of the creditor was kept in full force by payment by the debtor of the premium and the renewal of the policy by the company, the standing order that year to pay the losses of the insured should have had full force.
The direction to the company was absolute in terms.
It was a continuing, standing order to pay to the creditor the amount due him.
When a claim is not prescribed the insurance company can not ignore the provision made for the mortgagee’s protection and violate the policy to the detriment of his interest.
An agreement securing such a right is surely an acknowledgment of the debt.
Moreover, the policy was owned by the defendant. She, by the payment of premiums annually, gave it value in the hands of the creditor.
The possession of this policy, kept alive by the debtor “prevented prescription from running in the same manner as in the case of a pledge, prescription does not run as long as the thing pledged
remains in the possession of the pledgee.” Montgomery vs. Levistones, 8 Rob. 145.
It is true that the acknowledgment was not made directly to the debtor, but it is really as complete as if annually the debtor had handed to his creditor an amount to be applied to the insurance of his property and the greater security of his claim.
*1159 It is ordered, adjudged and decreed that the judgment appealed from be affirmed at appellant’s costs.