(37 South. 861.)

No. 15,245.

Succession of DARTON.*

(Jan. 4, 1905.)

PRESCRIPTION—NOTE — PAYMENT — CONSTRUC-
TION OF CONTRACT.

1. Where the refusal to purchase or sell a
tract of land is given in consideration of a loan
for which a note is executed, with the agree-
ment that the right thus accorded is to ter-
minate upon payment of the note, *held*, that
the agreement of the parties is the law of the
case, and that under the agreement the pre-
scription of the note was not its payment, and
that, moreover, the agreement, embodying, as it
did, a species of pledge, operated as a constant
interruption of prescription.

(Syllabus by the Court.)

In the matter of the succession of M. W.
Darton. Rule of Henry Willet against the
succession to show cause why inscription of
an agreement should not be erased. From
an order granting the rule, affirmed by the
Court of Appeal, Edgar M. Cahn and Daniel
B. Darton, administrator, apply for certio-
rari or writ of review. Reversed. Rule dis-
missed.

Edgar Mayer Cahn, Henry Chiapella, Sear-
gent Smith Prentiss, and Seargent S. Pren-
tiss, Jr., for applicants. W. J. & P. F. Hen-
nessey, for respondent Peter M. Willet. Din-
kelspiel & Hart, for respondents Joseph Bar-
ry and register of conveyances for the parish
of Orleans.

PROVOSTY, J. Henry Willet and M. W.
Darton entered into an agreement by which
Darton advanced to Willet $500, and Wil-
let, in consideration of the loan, executed
his note for said amount, payable one year
after date, in favor of Darton, and gave him
the refusal to purchase or sell a certain tract
of land fully described in the instrument

*Rehearing denied January 30, 1905.

witnessing the agreement. The agreement
provided, as follows:

"The time for the refusal to purchase or sell
said afore-described property as aforesaid is to
extend to and terminate at the time of payment
of said note of five hundred dollars and no fur-
ther."

The agreement was recorded in the office
of the register of conveyances, and operated
as an incumbrance upon the property men-
tioned. Thereafter the United States gov-
ernment expropriated this land, and, because
of this incumbrance, refused to pay the
price of expropriation to the parties, but de-
posited it in court.

The present proceeding is a rule taken by
Willet against the succession of Darton—the
latter having in the meantime died—to show
cause why the inscription of the above agree-
ment should not be erased from the books of
the register of conveyances; more than five
years having elapsed since the execution of
said note, and same being prescribed, and
said prescription being equivalent to pay-
ment, and consequently having put an end
to the agreement, just as actual payment
would have done.

The trial court adopted that view, and so
did the Court of Appeal, and the matter is
now before this court on writ of review.

The contract of the parties is the law of
the case. That contract was that the agree-
ment should continue in full force until the
note was paid, and it is conceded that the
note has never been paid. Besides, the agree-
ment stood in the hands of Darton as a se-
curity or sort of pledge for the payment of
the note, and, as such, operated a constant
interruption of the prescription. Civ. Code,
art. 3551; Montgomery v. Levistones, 8 Rob.
145; Wilson v. Bannen, 1 Rob. 557.

The judgments of the Court of Appeal and
of the district court are set aside, and the
rule of plaintiff is dismissed, at his costs.