(75 South. 845)

No. 22217.

BEAR v. DENDINGER.

(March 12, 1917. On Rehearing, June 30, 1917.)

*(Syllabus by the Court.)*

On Rehearing.

LIMITATION OF ACTIONS ⟺155(1)—PRESCRIPTION—RUNNING OF LIMITATIONS.

A creditor holding the note of a deceased maker, and who, without authority, takes funds which he holds for the individual account of the maker's widow, and applies them to partial payments on such note, cannot thereby interrupt the course of prescription which runs in favor of the maker's minor heirs.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 623.]

Provosty, J., dissenting.

Appeal from Twenty-Sixth Judicial District Court, Parish of St. Tammany; Prentiss B. Carter, Judge.

Suit by Arthur Leo Bear against Theodore Dendinger. From judgment for plaintiff, defendant appeals. Affirmed.

J. D. Dresner, of New Orleans, for appellant. A. D. Schwartz, of Covington, for appellee.

PROVOSTY, J. In this suit an injunction has been obtained against a writ of seizure and sale in foreclosure of a mortgage.

The two Goodbee brothers, Ernest and Alfred, who gave the mortgage, were owners of some 800 acres of timbered land in the parish of St. Tammany, and of two town lots with buildings and improvements thereon in the town of Covington, in same parish, and of a "railroad, engine, and rolling stock" in the same parish. They owned the railroad and some of the lands jointly, and were partners in the business of hauling logs from their said lands and other lands with said railroad for the sawmill of Theodore Dendinger, the mortgagee in said mortgage and the defendant in injunction. This business of the two brothers with Dendinger had been going on for some 12 years, on open account kept in the store of said Dendinger. This account generally showed a debit balance against the brothers. In May, 1905, they executed their joint note for $10,000, and secured it by mortgage on all their said abovementioned property, and delivered it to Dendinger for a balance then due. The plan and expectation of the parties was that the profits of the business would eventually pay this note. Some three months after the execution of this mortgage Alfred Goodbee died, survived by a widow, and leaving the minor children whose tutor is the plaintiff in injunction. The surviving brother told the widow that he would go on with the business, and try to pay the debt, and, with the consent of the widow, he did so, the same arrangement continuing for an open account to which were charged all amounts drawn either by or for the business or by or for the surviving brother or the widow and her children, the plaintiff minors. This went on until May, 1915, when the suit in foreclosure of the mortgage was filed.

On April 20, 1906, the widow qualified as the natural tutrix of her children. The interest of the decedent in the property covered by the mortgage was inventoried, but was left under the arrangement hereinabove mentioned, whereas his property not covered by the mortgage was sold. In February, 1915, the widow forfeited her tutorship by remarrying; and the present injunction suit has been brought by a tutor ad hoc.

The mortgage property is not shown to have been community property; hence the surviving widow is not shown to have had the usufruct of the share of her children in it. What appears in the brief of counsel for defendant in injunction based upon the supposition of that proof having been made does not seem, therefore, to have any application to the case.

In behalf of the minors the prescription of

five years is pleaded; and the sole question in the case is whether the course of this prescription was interrupted by the following payments, credited on the back of the note: Payments of interest on May 15, 1906; May 15, 1907, and March 1, 1909, and partial payment of $453.06 on December 31, 1909. These payments were thus made by simply crediting the amounts on the note and charging them to the open accounts.

In none of these payments the mother of the minors, their tutrix, participated otherwise than as may be gathered from the foregoing; that is to say, from her knowledge that the railroad and timber business which the partnership dissolved by the death of Alfred Goodbee had been carrying on had been continued as well as the said open account. Statements of the account were periodically furnished to the surviving brother and partner. On two occasions they showed a large credit balance. These large credit balances were not drawn out or attributed to the note, but were kept on the open account, as being needed for carrying on the business. The effect and operation of this business was that logs were being constantly taken from the lands belonging to the estate of the decedent and delivered to Dendinger, and that the railroad of like ownership, was being used for that purpose, and that the price of these logs was being credited to the open account, which open account was in turn charged with the accruing interest on the note. And this was done by common consent, with the view and expectation of the note being thereby eventually paid.

Under these circumstances we think the payments made on the note must be considered to have been made by the minors, or for their account, as well, or as much as, by the surviving partner and brother for his account; and therefore to have had the effect of interrupting the course of the prescription.

Prescription is interrupted by an acknowl-

141 La.—30

edgment of the debt, and such acknowledgment may be implied, and is implied, from partial payments. Succession of Darton, 113 La. 875, 37 South. 861; Wilson v. Bannen, 1 Rob. 556; Montgomery v. Levistones, 8 Rob. 145; Begue v. Mrs. St. Marc, 47 La. Ann. 1151, 17 South. 700; Succession of Mansion, 34 La. Ann. 1246. While a tutrix has not authority to take a debt out of prescription after prescription has accrued, she has full authority to make partial payments either directly by means of cash or by making arrangements equivalent thereto, or resulting in the payments being made.

The judgment appealed from is therefore set aside. The injunction herein is dissolved, and the suit of plaintiff is dismissed at his cost in both courts, with right reserved to the defendant in injunction to recover in a separate suit whatever damages may have been caused him by the said injunction.

SOMMERVILLE, J., concurs.

### On Rehearing.

LECHE, J. Defendant, holder of a note for $10,000, dated Covington, La., May 15, 1905, made and subscribed by Ernest L. Goodbee and Alfred Y. Goodbee, to the order of themselves and by each of them indorsed in blank, payable one year after date, filed executory process thereon on June 21, 1915, in order to enforce a mortgage securing same. Executory proceedings were carried on against Ernest L. Goodbee, one of the makers of the note, and against Anna Peter, widow of Alfred Y. Goodbee, and now wife of Jones Harvey, and also against Arthur D. Bear, special tutor ad hoc of the minors Malvina, Ethel, and Baby Alpha, only children, issue of the marriage of the late Alfred Y. Goodbee and Anna Peter. The special tutor ad hoc of the minors enjoins the foreclosure on the ground that any liability which may have existed on the part of the minors in

favor of the holder of said note has been extinguished by prescription.

It seems that for several years E. L. and A. Y. Goodbee, makers of the note in suit, were engaged in the business of hauling and freighting of timber under the firm name of the Goodbee Railroad, that they secured advances from Theodore Dendinger, who is plaintiff in the foreclosure proceedings, and that the business relations between these parties necessitated the keeping of accounts between them. These accounts were kept by Dendinger and purported to show the amounts earned from Dendinger by the Goodbee Railroad and the advances made to the Goodbee Railroad and to the Goodbees individually by Dendinger. These business relations between the parties originated prior to the year 1900 and lasted for several years afterwards.

The note sued on, according to the act of mortgage with which it is identified, was given to A. M. Edward, and it is secured by special mortgage on several tracts of land. It came into the possession of the present holder after the 15th of May, 1907. At that time Alfred Y. Goodbee had been dead for almost two years, his death, according to his brother, E. L. Goodbee, having occurred August 19 or 20, 1905.

There is nothing in the record to show that the transaction by which Dendinger acquired the note had any connection with the logging and advancing business which at that time had been carried on for several years between him and the Goodbees. The partnership between Ernest L. and Alfred Y. Goodbee was ended by the death of Alfred Y. Goodbee on August 19 or 20, 1905. C. C. art. 2876.

Thereafter E. L. Goodbee could no longer administer the partnership, except for purposes of liquidation, and no act of his, nor of the surviving widow, predicated on a continuance of the partnership, could bind the minor heirs of the deceased partner unless such act was authorized by the judge on the advice of a family meeting. It follows that all of defendant's attempts to show an interruption of prescription, as resulting from business dealings which were carried on by E. L. Goodbee and the unauthorized widow of Alfred Y. Goodbee with him in continuing the partnership, can have no effect against the minors. Undoubtedly a surviving widow and natural tutrix may by partial payments interrupt the course of prescription on a note evidencing a debt for which she and her children are jointly liable, but in this case the so-called partial payments were mere bookkeeping entries made by Dendinger and the imputation by him of sums of money which he held for account of the Goodbee Railroad towards the extinguishment of his note. There is nothing to show that E. L. Goodbee or Mrs. Harvey were ever consulted with regard to these so-called partial payments which Dendinger made to himself out of the funds of E. L. Goodbee and of Mrs. Harvey. Prescription could have only been interrupted by some action on the part of Mrs. Harvey, and not by mere unsigned entries made by Dendinger himself.

For these reasons, our former judgment herein is set aside and avoided, and it is now ordered that the judgment of the district court maintaining plaintiff's plea of prescription be affirmed at the cost of defendant and appellant.

PROVOSTY, J., dissents.