BR.UNOT, J.
 

 This is a petitory action for the recovery of 140 acres of improved lands situated in the parish of St. James, La.
 

 It is admitted that Frank, Paul and Ernest Ives, Jr., acquired the property described in the petition by purchase from Micaja A, Piper on January 14, 1905, and went into possession of it. It is admitted that the purchase price of the property was $8,000, of which sum $2,000 was paid in cash, and the balance was represented by six promissory notes of $1,000 each, payable respectively in 1, 2, 3, 4, 5, and 6 years after date, secured by the usual mortgage and vendor’s lien on the property.
 

 It is shown, by proper minority proceedings, that Paul Ives and his wife died before the filing of this suit, and left, as their sole heirs, three minor children, and that Ulger Ory, who represents them herein, is their legal dative tutor.
 

 Plaintiffs allege that the defendant, without any legal right, took possession of plaintiffs’ property during their absence therefrom, and has been in the unlawful possession thereof for more than one year prior to the filing of this suit.
 

 The prayer of the petition is for citation and for judgment recognizing the plaintiffs as the sole owners of the property sued for.
 

 F6r answer to the petition, the defendant admits that he has been in possession of the property since December, 1912. The character of his possession is stated in paragraph II of the answer, as follows:
 

 “Frank Ives, Ernest Ives, and Paul Ives, did on or about the month of December, 1912, place the said property in the possession, custody and control of defendant, in recognition and acknowledgment of, and as security for the payment of six promissory notes for thé sum of One Thousand ($1000.00) Dollars, each, representing the purchase price of said property, as well as for the payment of' one promissory note for the sum of Seven Thousand ($7000.00) Dollars, dated January 5, 1912, payable one year after date, with interest at eight (&%) per cent per annum from date until paid, all of said notes being obligations of Frank Ives, Ernest Ives, and Paul Ives, all being held by defendant, as will be fully set out in the reconventional demand which follows.”
 

 Defendant then sets up four money demands in reconvention, and prays for judgment against the plaintiffs, jointly and in solido, upon each of said demands, viz.: (1) Judgment for $6,600, the sum of the principal of the six mortgage notes described in the reconventional demand, together with attorney’s fees thereon, and for the recognition and enforcement of the mortgage; (2) judgment for $7,000, the principal sum of the note dated January 5, 1912; (3) judgment for $1,472.48, for taxes paid by defendant on the plaintiffs’ property for 14 succeeding years from 1912 to 1925, both inclusive, together with 10 per cent, interest upon each payment from the date of payment, and for the recognition and enforcement of the lien and privilege accorded by law, upon the property, for the reimbursement thereof; (4) judgment for $1,500 for money expended by defendant for necessary repairs made upon the property, with 5 per cent, per annum interest thereon from judicial demand, and for recognition of
 
 *847
 
 a lien and privilege upon the property, in favor of defendant, for the repayment thereof.
 

 It is also alleged in the reconventional demand that defendant erected a hay barn on plaintiffs’ property, at a cost to him of $2,500, and he prays that his title to the barn and his right to remove it from the property be recognized.
 

 On these issues the case went to trial, but before it was finally submitted for decision the plaintiffs filed an exception to defendant’s right to recover upon any of his reconven-tional demands, and pleaded the prescription of 5 years in bar of any recovery by him on any of the seven notes set up therein, and the prescription of 10 years to all of the other demands of the defendant, as plaintiff in re-convention.
 

 There was judgment for the plaintiffs, recognizing them to be the sole owners of the property described in the petition, sustaining their pleas of prescription, and rejecting all of defendant’s reconventional demands. A motion for a new trial was filed, heard, and overruled, and defendant appealed.
 

 We have read the record carefully, and have reached the conclusion, as did the trial judge, that defendant’s pleadings base his right to the possession and detention of the property upon an antichresis. He alleges that he was placed in possession and control of the property, by the plaintiffs, “in recognition and acknowledgment of,
 
 and as security for the payment,”
 
 of seven promissory notes, the total principal sum of the notes being $13,-000. Under the codal provisions, there are two kinds of pledges, the pawn and the an-tichresis. O. O. art. 3134.
 

 “A thing is said to be pawned when a movable thing is given as security; and the an-tichresis, when the security given consists In immovables.” O. C. art. 3135.
 

 “The antichresis shall be reduced to writing.” C. C. art. 3176.
 

 On the trial of the case the court permitted the defendant to offer parole testimony, subject to the plaintiffs’ objection thereto, to prove that defendant possessed the property under a verbal agreement with the plaintiffs.
 

 In passing upon defendant’s pleadings and the said testimony, the learned trial judge correctly says:
 

 “The plaintiffs objected to all parole evidence offered by defendant to prove possession and detention of said property under any agreement with plaintiffs, upon the ground that defendant claimed the right of possession by virtue of an antichresis. The Court admitted such evidence subject to the objection and. without prejudice.
 

 “The Codal provisions are to the effect that an antichresis must be reduced to writing, and such being the case, parole testimony would not be admissible.
 

 “The Court now being convinced that the defense urged is one, which if recognized, would amount to an antichresis, is satisfied that the objection to the parole testimony should have been sustained. Such ruling necessarily excludes all testimony of a parole nature appertaining to the possession and detention of the property by defendant, and leaves the defendant without justification for such possession. The defendant having had no legal possession or detention of said property, by antichresis, pledge or otherwise, there has been no suspension or interruption of the prescriptions pleaded against his reconven-tional demand, or claims, and said demands or claims all being prescribed, the pleas of prescription must be and are now maintained.”
 

 We refer to paragraph 13 of defendant's re-conventional demand merely to say that the
 
 *849
 
 allegations in paragraph 2 thereof have led us to concur in the finding of the trial judge that defendant bases his possession of the property upon an antichresis, and not upon a rental agreement. As to any agreement whatever between the parties, the testimony in the record is conflicting and unsatisfactory. This is especially so when the relative positions of the opposing parties, and all of the attendant circumstances, are considered.
 

 Plaintiffs rely upon the rule announced in Williams v. Succession of Robertson, 133 La. 641, 63 So. 250, wherein it was held that, where the essential formalities required for the pledge of a nonnegotiable instrument were not complied with, there was no pledge of the instrument, and prescription would not run against the principal obligation.
 

 Defendant contends that he possessed the property with the knowledge and consent of the plaintiffs, and that was sufficient to interrupt prescription. The decisions relating to the pawn of movable property can have no application to cases where the essential formalities required for the pledge of real property have not been complied with; and it is the pledge, coupled with possession of the thing pledged, which interrupts prescription. Possession alone is not sufficient.
 

 The testimony as to defendant’s possession Of the property with the knowledge and consent of plaintiffs is to the effect that plaintiffs knew the defendant was in possession of it, but it is conflicting as to the manner in which defendant obtained possession of it. It is shown that plaintiffs made no effort to recover the property by suit until 1925, but they testify that they consulted a lawyer relative to an attempt to recover it, but were advised by him to make no effort to recover the property at that time.
 

 Defendant relies upon Wilson v. Bannen, 1 Rob. 558; Montgomery v. Levistones, 8 Rob. 145; Succession of Durnford, 11 Rob. 183; Begue v. St. Marc, 47 La. Ann. 1151, 17 So. 700; Villere v. Shaw, 108 La. 71, 32 So. 196; Succession of Darton, 113 La. 875, 37 So. 861.
 

 In the Wilson v. Bannen Case, a ship owner exercised his right of pledge of a consignment of freight until the freight bill was paid. The court, very properly, held that, as long as he retained the possession, prescription did not run against the freight bills. In the Montgomery v. Levistone Case, the defendant placed the plaintiff in possession of slaves and jackscrews, as security for a debt. The facts of that case are quite different from the facts of this
 
 case;
 
 moreover, the court found, as a fact, that defendant, by letter, had renounced any prescription that he might have acquired. We have carefully read the Durnford Case, and fail to see in what respect that ease has any application to the case we are considering. The Begue v. St Marc Case involved the acknowledgment of the pledge of a properly assigned policy of insurance to a morgtage creditor. The court held that the debtor’s annual payments of the premiums on the policy was a sufficient acknowledgment. In the Villere v. Shaw Case the court merely held that a- pledge of property by effect of law interrupted prescription against ttie debt as effectively as a pledge by contract. The Dar-ton Case was decided upon a contract between the parties which the court held to be the law of the case.
 

 Counsel for defendant has cited several other authorities of somewhat similar import, but we do not consider it necessary to review them here. Counsel has not cited, and we have failed to find, a decision of this court holding that réal estate can be pledged otherwise than by antichresis, or that the mere
 
 *851
 
 possession of real estate, with knowledge of the owner, is sufficient, of itself, to interrupt the running of prescription against a debt due by the owner to the person in possession of the property.
 

 Defendant has not shown that any repairs to the plaintiffs’ dwelling house or cabins were made during the 10 years immediately preceding the filing of this suit. It is shown that defendant paid all taxes against the property for the 14 years preceding the filing of the suit. The prescriptive period, for the recovery of such payments by the tax subrogee, is 10 years. Defendant is therefore entitled to judgment on his reconventional .demand for the taxes paid by him during that period of time, but, as certified copies of the tax receipts for the years 1916,1917, and 1920 are not in the record, and the sum of the taxes paid for those years is not otherwise shown, the case will have to be remanded solely for the introduction of proof to establish the sum of those payments.
 

 For these reasons the judgment herein is amended in so far as it sustains the plaintiffs’ plea of the 10-year prescription in bar of defendant’s reconventional demand for the taxes paid by him during the 10 years immediately preceding the filing of this suit, and, in so far as it sustains the said plea to defendant’s asserted title to the hay barn, and with respect thereto:
 

 It is now decreed that defendant is the owner of said bam, subject to the right reserved to plaintiffs to retain the barn upon payment of the cost thereof to defendant, otherwise that defendant’s right to remove said barn from the plaintiffs’ property be reserved to him for 30 days from the date this judgment becomes final.
 

 It is further decreed that defendant’s re-conventional demand for taxes paid by him is sustained as to all taxes so paid during the 10 years immediately preceding the filing of this suit, together with 10 per cent, upon each of said payments from the date of payment, and that the lien upon the property accorded by law in favor of defendant, as tax subrogee, be recognized and enforced for the full amount thereof, and, as thus amended, that the judgment appealed from be affirmed, and that this case be remanded to the court below for the purpose of fixing the amount of taxes assessed against the property and paid by defendant for the years 1916 to 1925, both inclusive
 
 ;
 
 the costs of the appeal, to be paid by appellee.