Heirs of Joseph Fowler *v.* Adam Beatty, Testamentary Executor.

| 10 | 275 |
|----|-----|
| 52 | 289 |

1. The endorser of a note secured by mortgage is not entitled to executory process, without authentic evidence of the transfer to him both of the note and mortgage.
2. To entitle attorneys in fact to orders of seizure and sale, authentic evidence of their authority must be produced.
3. And where the obligation is *prima facie*, prescribed, there must be authentic evidence of the interruption of prescription.

APPEAL from the District Court of the parish of Lafourche.   *Cole*, J.
*Race & Foster*, for plaintiffs.   J. C. *Beatty*, for defendant and appellant,

Voorhies, J.   On the 10th of July, 1840, *Abner Robinson* made six promissory notes to the order of *Joseph Fowler, jun.*, amounting to $59,254, with ten per cent. interest from maturity until paid, and to secure the payment of the same mortgaged a certain plantation and slaves.   On the 7th of April, 1841, he also made six other promissory notes, each for the sum of $5,000, to the order of *W. Bogart & Co.*, which were endorsed in blank by the latter, and inventoried as belonging to the succession of *Joseph Fowler, jun.*, deceased.

The plaintiffs allege that the succession of *Joseph Fowler, jun.*, was opened in August, 1850, in the Second District Court of New Orleans; that they were duly recognized as his legal heirs, and as such put in possession of his succession, administered by *Wilhelmus Bogart*, as curator, by virtue of a decree of that court; that upon a judicial partition, the *Robinson* notes were allotted to certain of the heirs named in the petition, some of whom represented by *John L. Dufief*, *James J. Fowler*, and *John H. Skinner*, as their attorneys in fact; that the capacity of said attorneys in fact is judicially recognized in the proceedings of the succession, a copy of which proceedings being annexed to this petition; that after allowing all credits to which the maker of the notes is entitled, and which are endorsed thereon, the sum of $136,911 86, will be due to.

STATE
*v.*
Ladd.

FOWLER
v.
BEATTY.

them on the 10th of February, 1854, as appears from the statement of interest annexed to their petition; that *Abner Robinson*, whose estate is legally represented by *Adam Beatty*, died several years since; and that they exhibit against his estate a title and evidence of debt to the amount of $148,510 50, with interest, importing a confession of judgment and a special mortgage and privilege on the property described in their petition. The petition concludes with a prayer for an order for the seizure and sale of the property to satisfy their demand.

The order prayed for was granted on the 28th of December, 1853, for the sum of $136,911 80; with ten per cent. per annum interest thereon from the 10th of February, 1854, until paid, and $250, charges for copies of records and acts filed with the petition. The defendant has appealed from this order of seizure and sale, and assigned for its avoidance, as 'errors apparent upon the face of the record, 1st. That " there is no authentic evidence of the transfer to *J. Fowler* or his heirs of the mortgage granted to *W. Bogart & Co.*, on which the order of seizure was taken." This objection is well taken. The inventory of *Fowler's* estate is not in evidence. The endorsement of *W. Bogart & Co.* is a matter *in pais*, of which the act of mortgage contains no proof; nor is there any authentic evidence of the transfer from them to the plaintiffs before us. It is well settled that the endorsee of a note secured by mortgage is not entitled to executory process against the mortgagor, without authentic evidence of the transfer to him both of the note and mortgage. 12 R. 239, 13 L. 515, 6 N. S. 531, 4 L. 321. 2d. " There is no authentic evidence of the capacity of the parties as heirs and agents and attorneys of heirs in which they assume to act in this case." There is no authentic evidence in the record of the alleged agency of *John L. Dufief*, *James J. Fowler* and *John H. Skinner*. It is true there is an allegation to that effect in the petition on which the judgment putting the heirs of *Fowler* in possession of his estate is based, but we think this is insufficient, inasmuch as nothing shows that the principals intended to confer on their agents under the alleged powers of attorney, any other authority than that which was necessary to accomplish the object for which those proceedings were instituted. 4 A. 61, 5 A. 117, 2 A. 491.

We may also observe there is no authentic evidence of interruption of prescription. *Union Bank* v. *Dosson*, 7 An. 550.

The view which we have taken of the case renders it unnecessary to notice the other objections.

It is therefore ordered and decreed that the order of seizure and sale in this case be set aside and avoided at the plaintiffs and appellees' costs. This decree to be without prejudice to the rights acquired by the purchaser under the order of seizure and sale already executed.

In this case it is ordered that the decree be amended so as to read as follows :

It is therefore ordered, adjudged and decreed that the order of seizure and sale granted by the Judge *à quo* be set aside and avoided, the plaintiffs and appellees to pay the costs of both courts, and this decree to be without prejudice to the rights acquired by the purchaser under the order of seizure and sale already executed.