140 So. 35

AMERICAN NAT. BANK v. BAUMAN.

In re BAUMAN.

No. 31584.

Feb. 1, 1932.

Rehearing Denied Feb. 29, 1932.

See, also, 137 So. 54.

Edward Barnett, of Shreveport, for applicant.

Bryan E. Bush, of Shreveport, for respondent.

LAND, J.

Relator applied to the judge of the district court of Caddo parish for a preliminary injunction enjoining the sale of relator's property under executory process upon two grounds:

First. That the note sued upon is prescribed upon its face, and, as there is no authentic evidence of the interruption of prescription, executory process improperly issued.

Second. That there is no proof whatever of the interruption of prescription.

The preliminary injunction was applied for under Act No. 29 of 1924, and, after hearing on the rule nisi, was refused by respondent judge.

Relator has invoked the supervisory jurisdiction of this court, and prays that a writ of mandamus issue directed to respondent judge, directing him to grant relator a writ of injunction against the execution of the writ of seizure and sale herein issued.

Relator further prays that a writ of prohibition issue to plaintiff in executory process, American National Bank, and to the sheriff of Caddo parish, prohibiting them from executing, or attempting to execute, the writ of seizure and sale herein issued, and from seizing or attempting to seize, or from selling or attempting to sell, the property alleged to be specifically mortgaged.

On the trial of the rule nisi, relator, plaintiff in rule, offered in evidence the record in the executory proceedings, and objected to any testimony tendered by plaintiff in executory process, defendant in rule, to show the interruption of prescription, except authentic evidence.

This objection was overruled by respondent judge, and properly so in our opinion.

1. Under the established jurisprudence of this state, it is the duty of the court to issue executory process upon a note prescribed upon its face, for the reason that the court cannot supply the plea of prescription ex mero motu, as this is a plea which the debtor must specially make for himself. Perroux v. Lacoste, 19 La. Ann. 266; Gill et al. v. Hosmer, 20 La. Ann. 219; Munholland v. Scott et al., 33 La. Ann. 1043; Williamson v. Richardson, 30 La. Ann. 1163; Watts v. Bradley, 20 La. Ann. 523; Berens v. Executors of Boutte, 31 La. Ann. 112.

It is true that in Union Bank v. Dosson, 7 La. Ann. 548, and in Fowler's Heirs v. Beatty, 10 La. Ann. 275, relied upon by relator, it is held that an order of executory process is improperly issued upon a note prescribed upon its face.

·' The holding, however, has been departed from in the cases above cited. The later practice is to grant the order for executory process, and to leave the debtor to interpose the plea of prescription.

■ When the order for executory process was issued in this case, respondent judge had before him a certified copy of the authentic act of mortgage and the note, paraphed "Ne Varietur" to identify it with the act. This was all the authentic proof required by law to justify the issuance of the order.

. ■ 2. The contention of relator that there was no proof whatever of the interruption of prescription is not borne out by the record.

· The note sued upon is a mortgage note for the sum of $9,500, executed by defendant January 26, 1924, payable to his order six months after date,· and indorsed by him in blank.

The evidence taken on the trial of the rule nisi shows that plaintiff bank loaned defendant·$10,000 on February 5, 1924, and that the mortgage note sued upon was attached to the ·original note of defendant as collateral, and has remained in the bank's possession continuously from the beginning.

From time to time, defendant made payments on his original note for $10,000, and had reduced the same to $5,000 December 29, 1928.

On that date defendant executed a new note for $5,000, payable in sixty days from date at the American National Bank of Shreveport, La.

In this new note it is stated that two mortgage notes, one for $9,500, sued upon in this case, and one for $5,000, are attached as "collateral security for the payment of this and every other indebtedness and liability of mine to the holder, due or that may hereafter be contracted."

Immediately beneath the $9,500 mortgage note are written in the new note, of date December 29, 1928, in the handwriting of relator, defendant, the words, "This note renewed"; and immediately beneath the $5,000 mortgage note are written in the new note, "Note $5,000 renewed 3—25—1929 H. A. Bauman." The new note for $5,000 had fallen due, and was renewed by defendant March 25, 1929.

As the mortgage note for $9,500, sued upon in this case, is of date January 26, 1924, it had not been prescribed when defendant renewed this note, by writing in the new note for $5,000 of date December 29, 1928, the words, "This note renewed." As defendant thereby acknowledged the debt, prescription was interrupted, and the present suit was filed timely on May 26, 1931.

It is expressly provided in the Civil Code, art. 3520, that: "Prescription ceases likewise to run whenever the debtor, or possessor, makes acknowledgment of the right of the person whose title they prescribe."

As the mortgage note for $9,500, sued upon in this case, was not prescribed, the preliminary injunction applied for by relator was properly refused by respondent judge.

It is therefore ordered that the temporary stay order herein issued be vacated and recalled. It is now ordered that relator's application for writs of prohibition and mandamus be denied and dismissed at his cost.