## PEOPLES BANK v. WAGGONER et al.
### No. 6258.

Court of Appeal of Louisiana.
Second Circuit.
Jan. 13, 1941.

H. W. Ayres, of Jonesboro, for appellant.

W. T. Holloway, of Jonesboro, for appellees.

DREW, Judge.

On September 8, 1928, W. D. Womack sold to Arminda Waggoner, and W. W. Waggoner, her husband, 80 acres of land situated in Jackson Parish, Louisiana. The consideration was $800, payable $500 in cash and two notes for $150 each payable October 1, 1929 and 1930, respectively, bearing 7% per annum interest from date until paid and 10% upon both principal and interest as attorney's fees, if collection by legal process became necessary. The notes were duly paraphed to identify them with the act of mortgage and vendor's lien and the 80 acres were specially mortgaged to secure the payment of the two notes. They were pledged as security for a note made to the Peoples Bank of Chatham, Louisiana, by Arminda and W. W. Waggoner.

At the time the notes were pledged to the Bank it gave to W. D. Womack the money and prepared an envelope note which was signed by Arminda and W. W. Waggoner, and the mortgage notes were placed against it as collateral. Mr. C. M. Womack, cashier of the Bank at that time, is positive that the two mortgage notes were pledged to the Bank by the Waggoners and not by W. D. Womack; that the original transaction between the Bank and the Waggoners started with an envelope note and, in order to secure it, the two mortgage notes of $150 each were pledged as collateral. This was some time before the year 1930, the exact date, however, not being shown.

The envelope note was renewed several times by giving a new one, the old one being given or sent to Mr. and Mrs. Waggoner. In fact, this was a yearly occurrence up until January 25, 1936, when the last new envelope note was executed. This note was made payable January 25, 1937, and shows on its face that the two mortgage notes of $150 each were deposited as collateral security.

No part of the principal was ever paid and although plaintiff contends there was $80 paid on the interest in the year 1938, it is shown to have been given to the Bank by W. W. Blocker who had taken a lease on the 80 acres of land involved here, and it is not shown by what authority it was paid to the Bank. Mr. and Mrs. Waggoner deny that they authorized the payment or had any knowledge of it. However, this payment could not have any bearing on a determination of the issue before us at this time.

On January 21, 1939, the Peoples Bank instituted this suit against Arminda Waggoner and W. W. Waggoner on the two mortgage notes praying for judgment in the amount of principal, interest and attorney's fees and for recognition of its special mortgage on the 80 acres of land for which the notes were given as a part of the purchase price and also for its rights against the endorser thereon, W. D. Womack, to be specially reserved.

Plaintiff then filed a supplemental and amended petition in which it alleged:

"3. That the mortgage and vendor's lien notes as herein originally sued upon and described in plaintiff's petition were transferred, negotiated and delivered to the petitioner subsequent, but soon after their date and that said notes have remained and continued in the possession of petitioner from the date of its said acquisition thereof until this time.

"4. That, however, merely in conformity with the universal rules of banks against keeping on hand or carrying past-due paper and the laws governing banks, and without any intention of novating said debt, the said W. W. Waggoner and Mrs. Arminda Waggoner have, subsequent to petitioner's acquisition of said mortgage

and vendor's lien notes, executed in renewal and as a continuance of said obligation and debt and especially note of $420.00, dated April 27, 1935, another on December 12, 1935, and another January 25, 1936, as well as other notes prior to 1935, all of which except the one last dated, were returned to defendants.

"5. The last-dated note being for $420.00 payable to petitioner January 25, 1937, executed and signed by W. W. Waggoner and Arminda Waggoner, bearing 8% per annum interest from maturity until paid and stipulating 10% additional on principal and interest as attorney's fees in case said note should be placed with an attorney for collection, as will be shown by said note attached hereto and made a part hereof, was transferred, negotiated and delivered to petitioner and of which petitioner is the holder and owner before maturity and for a valuable consideration.

"6. That the said last-dated note and the one described in the preceding paragraph is the written acknowledgment referred to in Paragraph 7 of plaintiff's original petition and, in compliance with the order of the Court to file and produce the same, petitioner attaches hereto and makes a part hereof, files and produces the same in Court.

"7. Now, in the alternative and only in the event and alternative the Court should hold for any reason that plaintiff is not entitled to judgment on the original notes, as herein sued upon, then and in that event and alternative, petitioner shows that the said W. W. Waggoner and Arminda Waggoner are legally and justly indebted unto petitioner in solido on the note herein described in Paragraph 6 of this amended and supplemental petition for the full sum of $420.00, with 8% per annum interest thereon from January 25, 1937, until paid, together with 10% additional on both principal and interest as attorney's fees and for all costs, for which amount, in said alternative, it should have judgment in solido against the said W. W. Waggoner and Mrs. Arminda Waggoner and further recognizing its vendor's lien and special mortgage on the property and its mortgage and vendor's lien as described and set forth in Paragraph 5 of its original petition.

"8. Petitioner further shows that the endorser, W. D. Womack, has acknowledged and promised to pay said notes and indebtedness on various and sundry occasions and during each and every year during and since the year of their maturity verbally and particularly to and including the year 1938."

It reiterates its former prayer and, in the alternative prays: "Petitioner further prays in the alternative and only in the event and alternative, and in the event the Court should hold that petitioner is not entitled to recover for the amount as originally sued for, then and in that event and alternative, there be judgment herein in favor of petitioner and against the said defendants, in solido, for the full sum of $420.00, with 8% per annum interest thereon from January 25, 1937, until paid, together with 10% additional on principal and interest as attorney's fees and for all costs of this suit, and recognizing and enforcing petitioner's aforesaid vendor's lien and special mortgage, lien and privilege on the aforesaid property and ordering the same enforced and said property sold in accordance with law and from the proceeds thereof petitioner be paid by preference the amount of its claim and the judgment to be rendered herein."

Defendants answered denying their signatures to the $420 envelope note sued on in the supplemental petition. They also pleaded payment of the two mortgage notes. They also filed a special plea of prescription of five years and ten years against the two mortgage notes and the act of mortgage.

The lower court awarded judgment for plaintiff under its alternative prayer on the $420 envelope note and refused to recognize that it held a privilege or lien under the alleged special mortgage as to the two mortgage notes.

Plaintiff perfected an appeal from that part of the judgment which sustained the plea of prescription. Defendants did not perfect an appeal and they have not answered the appeal taken by plaintiff; therefore, the only part of the case that is before us for determination is the plea of five-year prescription.

The two mortgage notes are prescribed on their face and no credits of any kind have ever been noted upon them. It is therefore incumbent upon plaintiff to show the interruption of prescription. It is the plaintiff's contention that prescription was interrupted by acknowledgment orally made and by renewal of the envelope note from time to time by giving

a new envelope note and taking up the past-due one.

The oral acknowledgment has not been established with sufficient certainty as to time to show that the five-year prescription period was interrupted and any oral acknowledgment after prescription had run would be of no avail for the purpose of interrupting prescription.

The lower court found that defendants signed the envelope note on which plaintiff is suing and, since there was no appeal or answer to the appeal by defendants, we are without authority to change this finding of the lower court. The signing and executing of this note and other similar notes at intervals prior to the execution of the one sued on here are the acts of defendants upon which plaintiff relies principally as an acknowledgment of the two mortgage notes and which take them out of the five-year prescription. It contends that the envelope note and the mortgage notes were one and the same for all practical purposes and that the envelope note was only used for banking convenience and for the purpose of keeping the interest due up to date.

This contention cannot be accepted when we consider the uncontradicted testimony of Mr. C. M. Womack, who was cashier or president of plaintiff Bank at the time of the transaction with defendants regarding the two notes and who handled the transaction himself. He testified that defendants made an envelope note and pledged as collateral the two mortgage notes. When this envelope note was executed and the collateral placed against it to secure it, Mr. W. D. Womack was then paid by the Bank the balance due him as represented by the two mortgage notes. He reiterates that the two mortgage notes were pledged as collateral to the envelope note and that all payments of interest were applied to the envelope note and, as the principal or envelope note would increase or decrease, the collateral notes remained pledged in the same amount as originally.

A renewal of the principal obligation, which in this case is the envelope note, was not a renewal or acknowledgment of the collateral which in this instance were the two mortgage notes. Graves v. Pierce et al., La.App. 169 So. 817.

If defendants had intended renewing by acknowledging the collateral mortgage notes, plaintiff could have had them do so by writing same on the envelope note, as was done in the case of American National Bank v. Bauman, 174 La. 239, 140 So. 35. This was not done. It may be noted that the face value of the envelope note is not the same as the face value of the two mortgage notes. The face value of the two mortgage notes exceeds the face value of the envelope note by a considerable amount.

The plea of prescription of five years as to the two mortgage notes was correctly sustained.

The judgment of the lower court is therefore affirmed; costs of appeal to be paid by appellant.