Melba L. HARVEY

v.

AMERICAN EMPLOYERS INSURANCE CO. OF BOSTON, MASSACHUSETTS.

Civ. A. No. 1617.

United States District Court
E. D. Louisiana, Baton Rouge Division.
Aug. 21, 1956.

John McK. Taylor, of Huckabay, Seale, Kelton & Hayes, Baton Rouge, La., for plaintiff.

Calvin E. Hardin, Jr., of Durrett & Hardin, Baton Rouge, La., for defendant.

BENJAMIN C. DAWKINS, Sr., District Judge.

On August 8, 1955, plaintiff, Harvey, having obtained a judgment against one Noel Thomas on an unsecured note for $2,500, bearing interest at 8% per annum had a writ of fieri facias issued under which the Sheriff of East Feliciana Parish seized a farm belonging to Thomas, consisting of eighty-one acres, with the improvements thereon which Harvey bid in at the Sheriff's sale, on September 17 following, for the sum of $18,000 cash which he paid on the day of the sale. The Sheriff's return on the writ and a deed to Harvey were made and executed nine days later on September 26, 1955. Up to the present time Harvey has not obtained possession of the property.

On November 22, 1955, this suit against the surety on the Sheriff's official bond for damages allegedly suffered by the plaintiff, due to misfeasance of the Sheriff in failing to eject Thomas and place plaintiff in possession of the property was filed, plaintiff alleging it was the Sheriff's duty under the fieri facias to place him in possession. The claim was for $7,264, but by stipulation of the parties was reduced to $6,000, the face amount of the bond, with interest at the legal rate of 5% from judicial demand. The largest item of alleged damages was for some $4,500 profit alleged to have been lost because of plaintiff's inability to consummate a sale of the same property under an offer made to him the next day, September 18. He alleges this offer was bona fide in the sum of $22,500 by one able and willing to pay in cash, but that it was withdrawn because plaintiff could not convey until he received a deed from the Sheriff September 26, and in the meantime the proposed purchaser found other property. Other items of damage included removal of growing crops and certain movable property by Thomas and others who were allowed to remain in possession.

The facts relevant to the main issue, alleged liability of the Sheriff for failure to eject the judgment debtor, Noel Thomas, and to place Harvey in possession promptly after the sale, are not disputed. The question, therefore, is one of law. Plaintiff contends (1) that it was the duty of the Sheriff to dispossess Thomas at the time of the seizure under the fieri facias, unless he executed a solvent bond for one and one half times the estimated value of the property seized, to insure delivery of all of it on the day of the sale in the same condition as when seized, citing LSA–R.S. 13:4285; (2) that the Sheriff was also required to make his return on the writ of fi. fa. immediately after the sale on September 17, 1955, La.Code Practice, Articles 700, 701 and 702; (3) to pass the act of sale to the purchaser, plaintiff, within three days after the adjudication, La.C.P. Article 691; and (4) to demand that Thomas deliver possession of the property to Harvey immediately and in the default thereof, to forcibly eject him. LSA–R.S. 13:4346.

Defendant, Insurance Company, was sued alone here under a State Statute which permits this to be done in actions in tort. La.Act No. 55 of 1930, LSA–R.S. 22:655. It contends, (1) that LSA–R.S. 13:4285 does not apply to the owner in possession of the property, especially one claiming a homestead therein, as was Thomas in this case, but only to tenants or other possessors for the owner, citing Conte v. Handy, 1882, 34 La.Ann. 862; Chaffe v. Purdy, 1891, 43 La.Ann. 389, 8 So. 923; (2) the provision for release on forthcoming bond is for the benefit of the defendant, that is, to permit him to sell or make any other disposition of the seized property at his option; (3) in this case the property brought at the sale, after payment of all prior liens and costs, enough to satisfy the homestead of Thomas, and to pay Harvey's judgment in full, hence he was not damaged at all; and (4) the adjudication and recording of the deed was in the law a delivery to the adjudicatee. La.C.P. 690.

Defendant further contends that the Sheriff's failure to make a return on the day of the sale, and execute a deed to

734

the purchaser, Harvey, within three days thereafter, was justified by the prior incumbrances which amounted to several thousand dollars, the exact amount of which could not be determined, except in concursus; and that the Sheriff's inaction from the date of seizure, August 8, until the public sale, September 17, is of no importance since plaintiff was not damaged.

It seems to go without saying, therefore, that inasmuch as the judgment of plaintiff was paid in full, the only remaining issue is as to whether the Sheriff was required under the writ of fi. fa. alone to eject Thomas and to place Harvey in possession, or whether he or the plaintiff in execution on the failure of Thomas to vacate, should make application to the Clerk for a writ of ejectment for that purpose. As we know, when the property was lawfully sold all claims were referred to the proceeds, hence any recoverable damages must have arisen after the sale. Until that time, it was not known, of course, who would become the purchaser and hence anyone bidding, presumably, would have done so for the property as described and listed in the return upon the writ of fi. fa. However, since this return was not made until September 26, 1955, some nine days after the sale it could not be known at that time what was actually seized, except by a physical examination of the property at the time of the purchase as to what remained thereon as a part of the realty. Any growing crops which had been removed before the sale could, therefore, have been discovered. Hence, it must be assumed that the purchaser acquired only what the Sheriff actually took into possession under the seizure as later revealed by the return on the writ of fi. fa., or as a part of the realty as a matter of law. Harvey's relation to the seizure was twofold, first as a creditor seeking payment of his judgment, and, second, as purchaser at the sale. As to the first as above stated, having collected all of his money, he had

no complaint, and as to the second, his position was exactly the same as that of any other bidder seeking an investment with the hope of making a profit. For almost a year plaintiff and the Sheriff have been wrangling over the point of whether the writ of ejectment was necessary and if so, which should seek it and, in the meantime, Thomas has had possession, presumably without paying anything therefor; whereas, Harvey at any time could have had the Clerk place in the hands of the Sheriff the writ of ejectment.

As stated earlier, plaintiff cites a number of old cases decided, most of them before the Civil War, the last in a letter just received being Winn v. Elgee, 1843, 6 Rob., La., 100, which in turn refers to several earlier cases and to Articles 656 to 662, 690 and 762 of the Louisiana Code of Practice, and in which it was said: "It is made his (the Sheriff's) duty to take into actual possession the thing seized. If it be a plantation it shall remain sequestered in his custody until the sale and he has authority to appoint a keeper * * * if he meets with resistance he may employ force * * *." All of these decisions and the provisions of the Code of Practice ante-dated Act No. 113 of the Legislature of 1906, apparently intended to clarify the statutory law as it existed prior to that time, which did not say expressly, as did this opinion of the court, that the Sheriff could oust a former owner or possessor under a writ of fieri facias. In this last case the court argues it was necessary that the Sheriff have this power, else the purchaser " * * * would be driven to a petitory action to be put into possession of property which he has bought and paid for."

It will be noted that the bill which became Act 113 of 1906, was introduced by the late Senator Charles Loque, from New Orleans, who had some years before compiled Loque's Digest, one of the early digests of the Louisiana jurisprudence. It will be further observed the Act is

very specific as to what shall be done [1] if "the occupant * * * shall not on demand deliver possession to the purchaser * * *." It does not say who shall make the demand, whether the purchaser or the Sheriff, but the phraseology as a whole logically, I think, meant the purchaser for it says after "he has paid the price of adjudication and received a deed from the Sheriff * * * and due return has been made on the writ or order of sale, then the clerk of the court from which the writ or order of sale issued, shall on demand in writing of the purchaser or his agent or attorney, issue a writ of ejectment addressed to the Sheriff * * * by virtue of which the Sheriff * * * shall put said purchaser in physical possession of the property sold, in the same manner as now provided by law for other writs of possession * * *."

The return on the writ of fi. fa. here was made on September 26, some six days later than the three days provided by Article 691 of the Code of Practice. When the writ with the return, consisting of a recital of what had been done from the time it was placed in his hands until it was returned to the clerk's office and filed containing a description of the property seized, name of the purchaser etc., the Sheriff's authority ended. But this, of course, did not absolve him from responsibility for any unlawful acts or duties omitted amounting to misfeasance, while the writ was in his possession and being executed. Under the writ of fi. fa. itself, in this case the Sheriff was not commanded to seize any particular property, as would have been the case in the foreclosure of a mortgage or lien, but directed that "by seizure and sale of the property real and personal, right and credits of Noel Thomas * * * you cause to be made the amount of $2,500 with interest at 8% from December 22, 1951 and 10% attorneys fees, together with $50.00 costs" to satisfy the judgment in favor of Harvey and "to make due return in seventy days as the law directs." Code of Practice, Article 700.

The seventy days maximum limit for making the return in the sale of real estate, takes into consideration the requirement that the sale has to be advertised a minimum of thirty days, C.P. Art. 670, which could not begin until three days after written notice to the debtor of the seizure, C.P. Art. 654, which shall have annexed "a list of the property" seized and be "delivered to him in person" or be left "at his place of ordinary residence." Since the Sheriff had to make a list of the property seized for that purpose, Harvey undoubtedly did or could have obtained a copy thereof immediately. It may further be assumed that some time was necessary for the ascertainment of the amount of any prior liens and other preference claims, such as taxes, homestead, special mortgages, etc., to guide the Sheriff in determining how much had to be deducted from the price paid, or withheld by the purchaser before any of it could be applied to the satisfaction of the writ. The record shows that these problems had to be solved by depositing the money paid for the property in court and provoking a concursus. Necessarily, it took

1. Act 113 (1906)

"In reference to delivery of possession of real property sold by Sheriffs and Constables.

"Section 1. Be it enacted by the General Assembly of the State of Louisiana, That whenever any Sheriff or Constable in this State, acting under a writ of seizure and sale, a writ of fieri facias or any other order of sale, shall sell and adjudicate real estate and the occupant thereof shall not on demand deliver possession to the purchaser after he has paid the price of adjudication and received deed from the Sheriff or Constable, and due return has been made on the writ or order of sale, then the clerk of the court from which the writ or order of sale issued, shall on demand in writing of the purchaser or his agent or attorney, issue a writ of ejectment addressed to the Sheriff or Constable, by virtue of which the Sheriff or Constable shall put said purchaser in physical possession of the property sold, in the same manner as now provided by law for other writs of possession." (Emphasis supplied.)

considerable time to have the concursus tried, but as heretofore stated, Harvey collected his judgment in full. Until the exact amount of prior liens was determined the Sheriff did not know whether the property would sell at all, for it had to bring the amount of prior liens. C.P. Art. 684.

From all of this it is concluded there was no actionable fault or negligence on the part of the Sheriff incident to delay or for not forcibly placing plaintiff in possession under the writ of fi. fa. and plaintiff's demands should be rejected.

Proper decree should be presented.