Melba L. HARVEY, Appellant,

v.

AMERICAN EMPLOYERS' INSURANCE COMPANY OF BOSTON, MASS., Appellee.

No. 16384.

United States Court of Appeals Fifth Circuit.

March 14, 1957.

Rehearing Denied April 22, 1957.

Calvin E. Hardin, Jr., Baton Rouge, La., Bert E. Durrett, Wallace A. Hunter, Baton Rouge, La., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

On November 22, 1955, appellant, plaintiff in execution and the purchaser at sheriff's sale, filed this suit against the insurer on the bond of N. L. Palmer, sheriff of East Feliciana Parish, Louisiana, for the damages [1] allegedly suffered by him from the claimed misfeasance of the sheriff in delaying for nine days to execute the sheriff's deed and in failing thereafter to evict the defendant in execution, Noel Thomas, and place plaintiff in possession of the property.

As detailed, the claims were: (1) that on August 8, 1955, when the property was seized, the sheriff allowed Thomas to remain in possession of the property without executing a bond; (2) that, though on September 17, 1955, the sheriff sold the property to the plaintiff, he neglected and failed until September 26, to execute the deed; and (3) that during the period from August 8, 1955, to the date of the filing of the suit, the sheriff had permitted Thomas to remain on the property and had allowed to be removed therefrom certain items detailed in note 1, supra.

The defenses were that the complaint failed to state a claim against the de-

John McKowen Taylor, Seale, Kelton & Hayes, Baton Rouge, La., for Melba L. Harvey, plaintiff-appellant.

1. As itemized, the damages claimed were:
   (a) Loss of profit caused by claimed loss of sale through inability of plaintiff to accept an offer made to him on Sept. 18, 1955, of $22,500 for the property .................... $4500.00
   (b) Loss of crops alleged to have been removed from the property
       (1) Corn—500 barrels valued at ...................... 750.00
       (2) Cotton—2 bales valued at ........................ 330.00
       (3) Potatoes—one acre valued at .................... 150.00
   (c) Loss of one certain Butane tank removed on or about Oct. 17, 1955, valued at ................................ 150.00
   (d) Loss or reasonable rental value of premises at $180 per month from Sept. 17, 1955 up to and including the date of filing of this suit ................................ 384.00
   (e) Damages for embarrassment, vexation and inconvenience.. 1000.00
       Total $7264.00
   (f) Loss of rental from the date of the filing of this suit until possession is delivered at the rate of $6 per day ....... $ ......

fendant on which relief could be granted, a denial that in doing what he did, the sheriff was guilty of misfeasance, and a denial that plaintiff sustained any losses as a result of any acts of the defendant.

Plaintiff's motion for judgment on the pleadings denied, and the case tried to the court without a jury, the district judge at the conclusion of the evidence filed findings of fact and conclusions of law, and an opinion.[2] In it upon full discussion of the facts and the law, he found: that "there was no actionable fault or negligence on the part of the sheriff, incident to delay or for not forcibly placing plaintiff in possession under the writ of Fi. Fa."; that none of plaintiff's demands were well founded; and that all should be rejected.

Appealing from the judgment entered thereon, plaintiff, urging upon us that he should have had judgment in accordance with his demand, is here insisting that the district judge erred in finding the law and the facts against him.

The appellee, on its part insisting as vigorously that plaintiff's claims were correctly denied, urges upon us that, in addition to those stated by the district judge in his opinion for denying the damages claimed, there were other reasons implied in his findings against the plaintiff.

As to the claim for damages through loss of a sale, it points to the fact that plaintiff's claim of possible sale is based entirely upon his unsupported oral testimony, and, further, there being no evidence as to the market value of the property, there is no basis for the claim that if he did lose the sale he was damaged thereby.

As to the loss of crops and personal property, pointing to the absence of proof as to when and by whom, if ever, they were removed or to whom they really belonged, it urges upon us that there is no basis in the record for interfering with the district judge's denial of the claims as to them.

■ We agree with the appellee. We think it plain, under the law of Louisiana as pointed out by the district judge in his opinion, that no actionable fault on the part of the sheriff was proven.

■ We agree with appellee, too, that if there was any fault, there is no sufficient showing to overcome the findings of the district judge to the contrary, that any loss was proximately caused to the plaintiff thereby.

In short, we are of the clear opinion that under the facts and findings in this case, plaintiff's claims of error have not been made out, and that the judgment should be

Affirmed.

2. Harvey v. American Employers' Insurance Company, 143 F.Supp. 732.